# WILLIAM THOMPSON

*v.*

# GEORGE HOAGLAND *et al.*

1. VARIANCE—*waiver of, in chancery proceeding.* Where a mortgage contained a copy of the note it was given to secure, except the words "value received," which followed the words "from date," but on the hearing of a bill to foreclose the same, the note was objected to, but not on account of the variance: *Held,* that the objection came too late on appeal, as, if it had been made in the court below, it could have been obviated by an amendment of the bill.

2. PROMISSORY NOTE—*construction in respect to interest.* Where a promissory note was given in the following form:

"$374.79.                              Middleport, Sept. 8, 1858.

One year after date I promise to pay Wm. Thompson or order $374.79, at ten per centum from date, value received.

George Hoagland."

*Held,* that the words "at ten per centum from date" made the note an interest bearing note at the rate of ten per cent per annum from its date.

3. PRACTICE IN SUPREME COURT—*when the cause will be remanded on reversal.* Where a decree for the foreclosure of a mortgage was reversed, and the interposition of a master in chancery was necessary to compute the

interest due, which was not allowed by the court below, this court de-
clined to enter the decree on reversal which the circuit court ought to
have rendered, but remanded the cause with special directions.

4. PROMISSORY NOTE—*possession evidence of ownership.* Where it was
contended that the payee of a note had assigned the same so as to let in
proof of payment to the assignee, it was held that possession of the note
by payee, who was seeking to enforce the payment, was strong evidence
to show it was still his property.

APPEAL from the Circuit Court of Iroquois county; the
Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. ROFF, DOYLE & McCULLOUGH, for the appellant.

Mr. GEO. B. JOINER, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Iroquois circuit court, to
foreclose a mortgage, to which the mortgagor, George Hoag-
land, was made defendant, and George B. Joiner as a subse-
quent purchaser.

After answering the bill, admitting the execution of the
note and mortgage, the defendants set up payment of the note
to one Levi Lasley, to whom they allege it had been assigned.
Joiner also filed a cross bill, setting up the same facts as stated
in his answer, and prays for a cancellation of the mortgage
as a cloud upon his title, he having purchased the land under
the belief that Hoagland had paid the note to Lasley.

There is no sufficient proof of any assignment of the note
by the payee to Lasley, and the fact that complainant had
the note in his possession, and produced it on the hearing, is
strong evidence to show it was still his property.

The testimony of West, by whom payment to Lasley was
sought to be established, amounts to but little, and, at best,
is mere hearsay.

The principal error relied on by the complainant, who
brings the record here, is that the court refused to allow in-
terest on the note.

312          THOMPSON *v.* HOAGLAND *et al.*          [Sept. T.,

Opinion of the Court.

The note as set out in the mortgage was as follows:

$374.79.                    Middleport, Sept. 8, 1858.

One year after date I promise to pay Wm. Thompson or order $374.79, at ten per centum from date.

George Hoagland.

The note given in evidence on the hearing was the same in all respects, with the addition of the words " value received" after the word "date."

The defendants made a general objection to the admission of the mortgage in evidence, and also to the admission of the note, not claiming or insisting upon the variance. Had that specific objection been pointed out, the court, no doubt, would have permitted an amendment of the bill to obviate it, as such an amendment could have worked no injury to the defendants, and would tend to the furtherance of justice.    We think it is too late, in this court, to make this specific objection.

Did the court err in refusing to allow interest on the note?

The note is set out in the bill of complaint according to its, legal tenor and effect, as understood by the pleader, as a note bearing interest at ten per cent from date.    The word interest is not found in the note, yet we can not but consider it, and it would be so received in the money market, as a note bearing ten per cent interest per annum from its date.    That would be the common judgment of any body of men to whom it should be submitted.    The words "at ten per centum from date," mean something, and what could they mean, or have been intended by the parties to mean, but to make the note an interest bearing note at the rate of ten per cent per annum.    Could the words be made to mean any thing else? It is not at all like the case of *Griffith* v. *Furry*, 30 Ill. 251. There, the note read as follows:

" $456.75.

One day after date we promise to pay Daniel Furry or order four hundred and fifty-six and $\frac{75}{100}$ dollars for value received, ten per cent."

This note was subjected to the severe criticism of this court, and it was held the words "ten per cent" at the end of the note were, in their connection, without any meaning. They were added after the note was complete in all of its parts, and it could not be determined whether they were added as a mark of designation, or that the note was given for a tenth part of an entire sum, or for ten per cent which had accrued upon some other debt, or that ten per cent interest had been added into that note for the period it had to run.

To no part of this criticism is the note in question subject. It speaks in plain and intelligible language, that ordinary men of business would understand, that it was a note bearing interest at ten per cent per annum from date.

In the case of *Hadden* v. *Innes et al.* 24 ib. 381, a note of the following terms was before this court, and we did not doubt it was an interest bearing note at the rate of ten per cent per annum. It is true, no question was made, but we did not hesitate to render judgment upon it as for such a note. It was as follows:

"$561.                              Aurora, June 13, 1857.

One year after date we promise to pay to the order of George M. Hadden five hundred and sixty-one dollars value received, with ten per cent after due."

In Furry's case, *supra*, there was a patent ambiguity. It can not be so alleged of this, or of the one now in question.

It is insisted by the parties to this record, especially by appellees, that this cause should not be remanded, but that this court should enter such a judgment as the circuit court should have entered.

As this is a bill to foreclose a mortgage, rendering the interference of a master in chancery necessary, we will not undertake to enter a decree, but will reverse and remand the cause, with directions to the circuit court to calculate interest at ten per centum per annum from the date of the note to the time of the first payment by Joiner to Fletcher, the attorney of complainant, then deducting that payment from the interest, calculate interest on the balance of principal to to the time of the second payment. That payment being of fifty dollars, is to be deducted from the principal of the note, as appears by the terms of the receipt, and interest calculated on the balance of the principal to the time of the final decree. In no event is interest to be calculated upon interest. The rule established by this court in *McFadden* v. *Fortier*, 20 Ill. 509, will be observed. The terms of sale on a foreclosure rest with the circuit court, under the statute.

The decree is reversed and the cause remanded, with directions to the circuit court to proceed according to this opinion.

*Decree reversed.*