# HENRY WILLIAMS *et al.*

*v.*

# NICHOLAS S. BAKER.

1. CONTINUANCE—*attorney member of legislature, and absent.* An affidavit for a continuance, on the ground that the party's attorney was a member of the general assembly, and absent attending its session, which states that the party can not safely proceed to the trial of the cause, because the presence of his attorney "is necessary to a trial of the cause," is insufficient, as the statute requires that it shall appear by affidavit that the attendance of the attorney is "necessary to a fair and proper trial." It should state facts as to the character of the suit, to enable the court to judge intelligently, or pursue the language of the statute.

2. PRACTICE—*consenting to a trial, a waiver of demurrer.* Where a defendant, who has demurred to the declaration, consents to a trial of the case, and it is tried on its merits, it will be a waiver of any benefit he might otherwise have had from the demurrer.

3. PLEADING AND EVIDENCE—*variance.* In an action by Nicholas S. Baker upon a promissory note, the note offered in evidence was payable to "N. S. Bake," which was objected to for variance. The plaintiff then proved the execution of the note, and that it was in fact delivered to him: *Held,* that the proof was sufficient to admit the note as evidence under the common counts.

4. PROMISSORY NOTE—*construed in respect to interest.* Where a promissory note was for the payment of a certain sum of money, "with ten cent interest from date:" *Held,* that these words could not be rejected as surplusage, but that the evident intention was, that the note should bear interest from date at the rate of ten per cent per annum.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of assumpsit, by Nicholas S. Baker against Henry Williams and F. Kimler, upon a promissory note. The declaration contained a special count upon the note, and also the common counts.

At the January term, 1872, at which the cause was tried, the defendant Williams filed his affidavit for a continuance, which, after giving the title of the case, was as follows:

" Henry Williams, one of the defendants in this cause, on oath, says that he can not safely proceed to the trial of the above entitled cause at this term of court, because, he says, that the presence of L. H. Kerrick is necessary to the trial of this cause, and that he employed the said L. H. Kerrick as an attorney in this cause before the present session of the legislature of the State of Illinois, and that the said legislature is now in session, and that the said L. H. Kerrick is now a member of the said legislature, and in actual attendance upon the session of the same."

The court refused the continuance, and a trial was had, resulting in a judgment in favor of the plaintiff for the amount of the note sued on and ten per cent interest from its date, and costs of suit. The defendant appealed.

Mr. O. W. ALDRICH, for the appellants.

Mr. H. G. REEVES, and Mr. O. T. REEVES, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The motion for a continuance was properly overruled. The affidavit was defective. It only stated that the presence of the absent attorney was "necessary to a trial of the cause." The statute requires that it shall appear to the court, by affidavit, that the attendance of the attorney "is necessary to a fair and proper trial."

The party had an attorney in court who seems to have made every available defense. The case was exceedingly simple, and could have been defended by any tyro in the profession. We must presume that the omission to state any facts as to the character of the suit, to enable the court to judge intelligently, or that the attendance of the attorney was necessary to a fair trial, was purposely made, and that the affidavit was purely for delay.

The plain inference from the whole record is, that Williams only pleaded, and that the default of the other defendant was entered before judgment. When the defendant who had filed a demurrer to the special count, consented to a trial, he waived any benefit which he might otherwise have had from the demurrer.

A trial was then had, and the note was offered under the common counts, after proof of the signatures.

The plaintiff's name was N. S. Baker, and the note offered was payable to "N. S. Bake." The plaintiff's possession of the note, and the proof that it was in fact executed and delivered to him, were sufficient to admit it as evidence under the common counts.

The note was for so much money, "with *ten cent interest from date.*" These words can not be rejected as surplusage, and some effect must be given to them. The evident intention was, that the note should bear interest, and the words must mean ten per cent interest. *Thompson* v. *Hoagland,* 65 Ill. 310, and *Gramer* v. *Joder,* id. 314.

The judgment is affirmed.

*Judgment affirmed.*