90 361
37a 609

HERMAN LANGENHAM

*v.*

W. STICKNEY.

APPEAL—*dismissal for want of prosecution.* The fact that a defendant who has appealed from the judgment of a justice of the peace is not ready for trial when the case is called on the docket, is no sufficient reason for the dismissal

of his appeal. In such case he has the right to have the plaintiff prove his cause of action, whether he has any defense to make or not, and it is error to dismiss the appeal.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

Mr. HENRY D. HOISER, for the appellant.

Mr. FREDERIC ULLMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was originally commenced before a justice of the peace. From the judgment rendered in that court, defendant appealed to the circuit court by filing his bond, with security, in the office of the clerk of the circuit court, in accordance with the provisions of the statute. At the March term, 1877, of the circuit court, when the case was called in its order for trial, defendant moved for a continuance for want of proper appearance on the part of plaintiff. That motion the court overruled. It then appears, from the bill of exceptions, that because defendant was not "ready for trial," the court dismissed his appeal for want of prosecution. That was error. The appeal had been perfected under the statute, and the case stood for trial as any other on the calendar. Defendant had not abandoned his appeal, but was in court prosecuting it as well as he could in his own way. He may not have been entirely "ready for trial," but that is no reason why his appeal should be dismissed. All the court could do, properly, was to order the trial to proceed at once, whether defendant was ready or not. As the case was to be tried *de novo* on the appeal, it could not be known defendant would not be ready to present his defense, or some part of it, by the time plaintiff should finish his side of the case. Whether he had any defense to make, he could compel plaintiff, on the appeal, to prove a cause of action against him, and it was error to dismiss defendant's appeal without allowing him a trial. Whether the

court ruled correctly or not on the motion for a continuance, is not a matter of any consequence now, and will not be considered.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*