## JOHN EICHELBERGER
### v.
## GEORGE GARVIN..

DISMISSAL OF APPEAL ON CALL, WITH PROCEDENDO—PLAINTIFF MUST PROVE HIS CASE.—On an appeal from a justice of the peace, the trial in the circuit court should proceed *de novo;* and it is error to dismiss an appeal on call for want of prosecution, without proof by plaintiff of a cause of action.

ERROR to the Circuit Court of Randolph county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 13, 1880.

Mr. A. N. SPRAGUE, for plaintiff in error; that there should have been a trial of the cause, cited Rev. Stat. 1874, 648; Langheim v. Stickney, 90 Ill. 361.

As to practice in setting aside dismissals: Mason v. McNamara, 57 Ill. 274; Sourbry v. Fisher, 62 Ill. 135; Union H. & L. Co. v. Woodley, 75 Ill. 435.

Mr. JOHN MICHAN, for defendant in error.

PER CURIAM. This case originated before a justice of the peace, where appellee obtained a judgment against appellant, from which an appeal was prosecuted to the circuit court When the case was called for trial, the attorney for appellant moved for a continuance until that afternoon, and in support of the motion filed his affidavit showing the absence of his client, but that he would reach the place of holding court by the train to arrive at 1.20 P. M. that day; that he had a good defense, and that his presence was necessary to establish the same. The motion was denied, and then on motion of the appellee—plaintiff below—the appeal was dismissed for want of prosecution, and a procedendo awarded, to which appellant then and there excepted. An affidavit filed in support of a motion to set aside this order, disclosed the fact that the order was entered about twenty minutes after eleven o'clock, A. M., and that

court adjourned at 12 M. until 2 P. M., and that in the mean-
time appellant had arrived, and could have proceeded with the
trial.

Without considering whether the motion for continuance or
the motion to set aside the dismissal should have been allowed,
we must hold, upon the authority of Langheim v. Stickney,
90 Ill. 361, that it was error to dismiss the appeal, and that
the proper course was to proceed with the trial. The case was
to be tried *de novo*, and whether defendant could make out his
defense or not, the court should have required the plaintiff to
prove a cause of action against him. The judgment is reversed
and the cause remanded.

Reversed and remanded.