## GEORGE B. JOINER

### v.

## DRAINAGE COMMISSIONERS, ETC.

PRIVILEGE—ATTENDANCE ON GENERAL ASSEMBLY.—Where an affidavit alleged that the attorney for the defendant was a member of the general assembly, and that the assembly was to be in session on and after January 7, 1885 (the application being made January 5, 1885), and that the affiant would at the time of the application for continuance be in actual attendance, etc. *Held*, that such affidavit is not sufficient. The affi-

davit was not made during the session and the attorney was not in actual attendance on the general assembly.

APPEAL from the County Court of Iroquois county; the Hon. S. G. BOVIE, Judge, presiding. Opinion filed December 4, 1885.

Mr. GEORGE B. JOINER, for appellant; cited St. L. & S. E. Ry. Co. v. Teters, 68 Ill. 144.

The parties were in court and the appeal should not have been dismissed: Langenham v. Stickney, 90 Ill. 361; Kilian v. Clark, 9 Bradwell, 431; Section 50, "Drainage Act," R. S.

Mr. T. B. HARRIS, for appellees.

LACEY, P. J. Two points are made by the appellant for reversal. The first is, that the court erred in overruling the motion made by appellant for a continuance of the cause, on account of the absence of Free P. Morris, a member of the legislature elect; and the second is, that the court erred in dismissing the appellant's appeal from the judgment of the county court. We will notice the first, the refusal of the court to continue.

The affidavit made by Morris himself, shows that he was attorney for the defendant, and that he was a member of the general assembly of the State of Illinois, and that the said assembly was to be in session on and after the 7th of January, 1885 (the application being made January 5, 1885), and that the affiant would, at the time of the application for continuance, be in actual attendance on the session of the said general assembly, and that the affiant's presence was necessary to a fair and proper trial of the cause and that he was actually employed by defendant prior to the commencement of the present session of the general assembly.

This was manifestly insufficient and fails entirely to comply with the provisions of Section 46, Chap. 110, of the Revised Statutes, which provides that " such affidavit shall be sufficient if made at any time during the session of the general assem-

bly ; showing that at the time of making the same, such party, attorney, solicitor or counsel is in actual attendance upon such session of the general assembly, etc." The affidavit was not made during the session and the attorney was not in actual attendance on the general assembly.

It would only be a matter of opinion or conjecture that Morris would be in attendance on the general assembly. Although he had been elected he might not qualify ; and although he then intended to do so and to be in attendance he might change his mind. Manifestly the affidavit did not bring the case within the provisions of the statute. The court did not err in refusing to continue the case on this affidavit. The next question is, did the court err in dismissing the appeal upon overruling the motion for continuance for the want of prosecution ? The bill of exceptions shows that an exception was taken to the order of the court in dismissing the appeal, as well as to the order refusing the continuance.

The record does not show that the cause was called for trial in its regular course, or that it was set down for trial at that time ; but simply upon the overruling the motion for continuance the order of dismissal was made, not in the regular order of business.

If there had been such order for trial at that time or if the cause was regularly called for trial the bill of exceptions should show it, for the record negatives the idea that the appeal was dismissed on the regular call of the docket for trial and the appellant failed to prosecute. "When the court is not proceeding in accordance with its ordinary powers, there is no presumption of its correctness." Kilian v. Clark, 9 Bradwell, 426; and the case of Longenham v. Stickney, 90 Ill. 361, is very similar in its facts, and in principle entirely so with the present case. See also the provisions of the Drainage Act, Sec. 50. For the error of the court in dismissing the appeal the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.