## Joseph C. Mackin and Clara G. Mackin v. Hiram H. Cody.

1. Practice—*Motions for Continuance.*—The statute requiring a motion for a continuance to be supported by affidavit is sufficiently complied with by the oath of applicant heard in open court, where no objection is made at the trial to the manner in which the motion was supported.

2. Continuances—*Attorney a Member of the Legislature.*—An affidavit, in support of a motion for a continuance, upon the ground that the attorney of the applicant is a member of the legislature, which fails to state that such attorney is in actual attendance upon the session of the legislature, is not sufficient.

3. Affidavits—*When a Part of the Record.*—Affidavits made in support of a motion for a continuance can become a part of the record only by being made a part of the bill of exceptions.

Forcible Detainer.—Appeal from the County Court of Du Page County; the Hon. George W. Brown, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

M. V. Gannon, Alfred Moore and Samuel Richolson, attorneys for appellants.

H. H. Goodrich and H. R. Cody, attorneys for appellee; McDougall & Chapman, of counsel.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This was an action of forcible detainer against appellants, in which appellee recovered before a justice of the peace, and also in the County Court on an appeal.

The only ground on which a reversal is asked is that the court erred in overruling appellants' motion for a continuance.

The motion was made because of the absence of appellants' attorney, who was at the time of the trial a member of the legislature. The bill of exceptions shows that the motion was supported by the oath of appellant, Joseph C. Mackin, heard in open court. It is urged that as the

statute requires the motion to be supported by affidavit, the court properly overruled the motion. It does not appear that any objection was made to the manner in which the motion was supported, and we are inclined to the opinion that where the motion is supported by an oral affidavit, heard in open court without objection, which is not in writing, that the law in that regard is answered.

The oral affidavit made in this case, however, was defective because it did not state that appellants' attorney was in actual attendance upon the session of the legislature; such averment the statute requires. Williams v. Baker, 67 Ill. 238; Stockley v. Goodwin, 78 Ill. 127; Joiner v. Commissioners, etc., 17 Ill. App. 607.

Among the papers in this case in this court, as an additional transcript, is an affidavit purporting to have been made. Appellants urge it is sufficient. It forms no part of the bill of exceptions and has been stricken from the files for that reason.

Affidavits made in support of a motion for continuance can become part of the record only by being made a part of the bill of exceptions. Roundy v. Hunt, 24 Ill. 598; Smith v. Wilson, 26 Ill. 186; Bedee v. People, etc., 73 Ill. 320; Hulett v. Ames, 74 Ill. 253.

Judgment affirmed.