HEMPLE v. RAYMOND.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1906.)

No. 1,202.

1. USURY—ALASKA CODE—CONSTRUCTION.

Carter's Alaska Code, pt. 5, c. 27, § 255, provides that the rate of interest in the district shall be 8 per cent. per annum, and no more, on all money after the same becomes due, etc., but that on contracts, interest at the rate of 12 per centum may be charged by express agree-

ment of the parties, and no more. *Held*, that such section should be construed to limit the contract rate of interest to 12 per cent. "per annum."

2. SAME—PENALTY.

Carter's Alaska Code, pt. 5, c. 27, § 257, provides that if usurious interest shall be received or collected, the person or persons paying the same or their legal representatives may, by action brought within two years after such payment, recover from the person receiving the same double the amount of the interest so received or collected. *Held*, that the phrase, double the amount of the interest so received and collected, should not be construed as referring to and qualifying the words "usurious interest," so as to authorize judgment only for double the amount of the excess of the interest above the statutory rate, but that the section authorized recovery of twice the entire interest paid.

3. WRIT OF ERROR—RECORD—DISCLOSURE OF ERROR.

Where, in an action to recover a penalty for charging usury, the court made an order requiring defendant to permit plaintiff to inspect his books of account containing evidence of matters relating to the action, but there was nothing in the record on error to show that the order was ever complied with, or that defendant was, in fact, ever compelled to furnish any evidence against him, or submit his books to plaintiff's inspection, no error was disclosed.

4. SAME—FINDINGS—EVIDENCE—REVIEW.

Where there is evidence to sustain the finding of the trial court in an action to recover a penalty for the charging of usury, that usury was in fact charged and collected, the weight of the evidence to sustain such finding will not be reviewed on a writ of error.

In Error to the District Court of the United States for the Third Division of the District of Alaska.

A judgment was rendered in favor of the defendant in error, as plaintiff, against the plaintiff in error, as defendant, for $1,013.98, as penalty for the violation of the statute of Alaska against usury. A jury trial was waived, and the cause was tried before the court. The court made, in substance, the following findings: That on December 27, 1902, at Valdez, Alaska, the plaintiff borrowed $1,000 from the defendant, and executed and delivered to him her promissory note due 90 days after date, payable at the Bank of Valdez, and at the same time paid to the defendant $60, as advance interest thereon, at the rate of 2 per cent. per month; that on April 4, 1903, and on September 19, 1903, the plaintiff made further payments to the defendant amounting to $120 on said note as interest at the rate of 2 per cent. per month; that on October 1, 1904, the plaintiff paid said note, and paid further interest thereon in the sum of $240, which was at the rate of 2 per cent. per month; that on October 10, 1903, the plaintiff borrowed of defendant the sum of $200, due on demand, and executed to him her promissory note for $205; that she never received said additional sum of $5; that on October 27, the plaintiff paid the defendant $10 interest on said last-named note, being interest thereon from October 10th to December 25th at 24 per cent. per annum; that on October 1, 1904, the plaintiff paid said note, and paid interest thereon in the sum of $40.49, which was interest thereon at 24 per cent. per annum; that on January 22, 1903, the plaintiff borrowed of the defendant the further sum of $200 due 90 days after date, and executed to him her promissory note for $212 which $12 was interest for 90 days at 24 per cent. per annum. On April 22, 1903, plaintiff paid $8 as interest on said note to June 21st, at 24 per cent. per annum and on September 17, 1903, she paid said note, and the further sum of $10, as interest, which was interest at the rate of 24 per cent. per annum; that all of said notes provided for interest at the rate of 12 per cent. per annum, and said notes were so written for the purpose of avoiding the usury laws of Alaska, and the plaintiff was required to and did pay to the defendant interest on all of said notes at 24 per cent. per annum until paid. To these findings

the plaintiff in error excepted on. the ground that they were against the evidence, and that there was no evidence to. support the findings as to the payment of usurious interest.

Brown & Smith and Heller & Powers, for plaintiff in error.

R. F. Lewis, Richard C. Harrison, and Ostrander & Donohoe, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is assigned as error that the court admitted evidence in the case over the objection of the plaintiff in error that the complaint did not state facts sufficient to constitute a cause of action. The argument in support of this assignment is that the provision of the Alaskan Code in regard to usury expressly permits contracts for interest at the rate of "12 per centum" without specifying whether the 12 per centum is per annum or per month or for what period of time. Sections 255 and 257, c. 27, pt. 5 of Carter's Alaskan Code, as provided as follows:

"Sec. 255. The rate of interest in the district shall be eight per centum per annum, and no more, on all moneys after the same become due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time without the owner's consent, expressed or implied, or on money due upon the settlement of matured accounts from the day the balance is ascertained; on money due or to become due where there is a contract to pay interest and no rate specified. But on contracts interest at the rate of twelve per centum may be charged by express agreement of the parties, and no more."

"Sec. 257. If usurious interest, as defined by the preceding sections, shall hereafter be received or collected the person or persons paying the same, or their legal representatives, may, by action brought in any court of competent jurisdiction, within two years after such payment, recover from the person, firm or corporation receiving the same double the amount of the interest so received or collected."

It will be observed that in the first part of section 255 it is prescribed that the rate of interest on obligations, where there has been no express agreement as to the rate, shall be 8 per centum per annum, and no more. In the latter part of the section it is said that on contracts, interest at the rate of 12 per centum may be charged by express agreement of the parties, and no more. There can be no reasonable doubt that the intention of Congress in using the words "at the rate of 12 per centum" was the same as in using the words "8 per centum" in the first part of the section. The words "12 per centum" as they are ordinarily understood, designate an annual rate of interest, and will be given that meaning whether used in contracts or in statutes (Thompson v. Hoagland, 65 Ill. 310); and the words will not be deprived of that meaning from the fact alone that they are found in a penal statute. In United States v. Lacher, 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080, the court said that penal statutes "like all others are to be fairly construed according to the legislative intent as expressed in the enactment." Again it is to be noted that section 255 is but a re-enactment of the prior law of Alaska. By the act of Congress approved May 17, 1884, c. 53, 23 Stat. 24, the Oregon law of interest and usury was extended over the ter-

ritory of Alaska. Section 255 is identical with section 3587, Hill's Ann. Laws Or. 1892, with the exception that the permitted rate on contracts is changed from 10 to 12 per cent. and the words "per annum" which follow in the Oregon statute are omitted. The omission of those words evidently resulted either from inadvertence or from the belief that having just used them in the first part of the section, it was unnecessary to repeat them. Said the court in McDonald v. Hovey, 110 U. S. 619-629, 4 Sup. Ct. 142, 146 (28 L. Ed. 269):

"So upon a revision of statutes a different interpretation is not to be given to them without some substantial change of phraseology, some change other than what may have been necessary to abbreviate the form of the law."

See, also, Schmidt v. United States, 66 C. C. A. 389, 133 Fed. 257; Tyee Con. Min. Co. v. Jennings (C. C. A.) 137 Fed. 863.

The plaintiff in error presents in a supplemental brief the point that the language of section 257, which allows the recovery of "double the amount of the interest so received or collected," directly refers to and qualifies the words "usurious interest" and authorizes a judgment for no more than double the amount of the excess of the interest above the rate allowed by law. This question was not brought to the attention of the court below, and it is not indicated in any of the assignments of error. Nevertheless, for the reason that the statute is a penal one, we have considered it. The plaintiff in error cites Garza v. Sullivan, 30 S. W. 240, in which the Court of Civil Appeals of Texas construed the statute of that state, which is similar to section 257 of the law of Alaska, in accordance with his contention. But in section 258 of the statute of Alaska, it is provided that if it be ascertained in any action brought on any contract that a rate of interest has been contracted for greater than authorized by that chapter, the same shall be deemed to be usurious and shall work a forfeiture of the entire interest on the debt. That provision renders the provisions of the Alaskan law substantially identical with the Revised Statutes of the United States, §§ 5197, 5198 [U. S. Comp. St. 1901, p. 3493], and the question of its construction is ruled, we think, by the decision in Lake Benton National Bank v. Watt, 184 U. S. 151, 22 Sup. Ct. 457, 46 L. Ed. 475, where the court, in view of the provision that the taking, receiving, reserving or charging a rate of interest greater than allowed by section 5197 should be deemed a forfeiture of the entire interest on the note, held that the amount to be recovered in an action under section 5198 was double the amount of the entire interest paid. On the authority of that case, we hold that there was no error in this case in entering judgment for double the amount of the interest received by the plaintiff in error.

The trial court made an order requiring the plaintiff in error to permit the defendant in error to inspect his books of account containing evidence on matters relating to the merits of the action. It is assigned that the court erred in making this order, for the reason that it compelled the plaintiff in error in an action against him to enforce a penalty, to furnish evidence against himself in violation of

the fourth and fifth amendments to the Constitution. The order was made before the cause came on for trial. The plaintiff in error excepted to it, but specified no ground of objection. There is nothing in the record to show that the order was ever complied with, or that the plaintiff in error was, in fact, compelled to or did furnish any evidence against himself, or submit his books to the inspection of the opposite party. The burden is upon the plaintiff in error to show clearly and affirmatively from the record itself the facts constituting error. This rule is so firmly established as to require no citation of authorities. An order of the court to produce books and papers for inspection stands upon the same ground with a ruling of the court that proffered evidence be admitted. Unless complied with, it does not affect the substantial rights of the party against whom it is made. If there was error in making the order, it was harmless error, and it is no ground for reversing the judgment.

The plaintiff in error contends that the findings of fact of the trial court, as to the actual payment of usurious interest, are supported by no evidence in the record, that the final settlement of the notes and interest was made by a sale of the property of the defendant in error under a power of attorney which she executed to the plaintiff in error with power of substitution, and that the proceeds of the sale were just sufficient to discharge the notes with interest thereon at 12 per cent. per annum: the previous payments in excess of that rate of interest being credited upon the principal. The evidence was that E. W. Adams, under a power of attorney executed by the defendant in error, on February 26, 1904, sold on April 14, 1904, to T. E. Dougherty, certain real and personal property of the defendant in error. There was evidence on behalf of the plaintiff in error that the amount received for the property was $1,700, of which $1,165.35 was applied to the payment of the notes of the plaintiff in error, and the remainder to the payment of other claims and liens on the property, and a debt due the purchaser from the plaintiff in error. T. E. Dougherty was the partner of the plaintiff in error in a grocery store situated next door to the bank. The evidence in the case fully justified, as we think, the view entertained by the trial court, that no actual sale was made to Dougherty. At the time of that alleged sale the defendant in error was not at Valdez, and did not return there until the following September. When she returned, she had negotiations and a settlement with the plaintiff in error, in which it was finally agreed that the conveyance of her property should stand as made, and that she should have the option within one year to repurchase the same for $2,011.41, and that she should have a lease of the premises for one year. The amount which she then owed the plaintiff in error was adjusted. The plaintiff in error, in response to her request for a statement of the amount due on the notes, with interest, furnished her a statement, in which the interest on the notes was computed to October 1, 1904, the time of the settlement, at 2 per cent. per month. There was evidence that in arriving at the settlement, the plaintiff in error said that the only thing he wanted was his money, and the defendant in error testified that at that time the

notes were discharged, and that, on the return thereof to her, she turned over her property.

There being evidence to sustain the findings of the trial court, they must be regarded as the verdict of a jury, and must so stand in this court.

The judgment is affirmed.