THE CITY OF OTTAWA, Plaintiff in Error, *v.* ABNER A. FISHER *et al.*, Defendants in Error.

ERROR TO LA SALLE COUNTY COURT.

The common council of the city of Ottawa is not bound to decide upon the confirmation of an assessment, on the day fixed for that purpose, by the notice given. The day named was for hearing objections; deliberation may be necessary.

THIS was a special assessment for grading, graveling, and otherwise improving Main street, in the city of Ottawa.

The delinquent list of the collector sets forth the lots within the limits of the city of Ottawa benefited by the improvement of Main street, the valuation of such lots, and the sums of money assessed thereon, which remain due and unpaid.

There was proof of publication of the notice of the application for judgment.

Such notice gives a description of the improvement, and of lots, and states in whose names they were assessed, the valuation and the amount of the assessment on each lot.

On the 8th day of March, the following, among other objections, was filed:

The city clerk did not give sufficient notice of the time and place of confirming the assessment.

The record of the proceedings of the city council shows, that on the 8th day of September, 1857, said assessment roll was reported to the council, and taken up for consideration, and all objections thereto read, after which the assessment and objections were referred to the finance committee.

September 15th, 1857, no quorum. On motion of Alderman Smith, adjourned to Thursday evening next.

On said Thursday evening the finance committee reported back said assessment, and recommended several corrections and alterations, upon which the council then confirmed the assessment, after correcting the same.

LELAND & LELAND, and J. AVERY, for Plaintiff in Error.

O. C. GRAY, for Defendants in Error.

BREESE, J. In addition to the objections considered in the case of *The City of Ottawa* v. *George B. Macy et al.*, this one is made, namely, that the city council did not finally dispose of and determine the question of confirming the report of the commissioners on the day it was made.

It will be seen that the day fixed in the notice was for hearing objections, not for deciding upon them. They might require time and much deliberation. The parties interested could attend the meetings of the council until a final disposition was made of the matter, if they deemed it important.

The judgment of the court below is reversed, and the cause remanded, with instructions to render judgment against the lots, notwithstanding the objections.

*Judgment reversed.*