Crittenden et al. *v.* French.

---

JOHN CRITTENDEN *et al.*, Appellants, *v.* CHARLES R. FRENCH, Appellee.

APPEAL FROM BUREAU.

A contract should be correctly stated in the pleadings; if the evidence differ from the statement, the contract as evidence will be rejected.

A plaintiff should state no more than the legal effect of the contract he declares on. The proof should conform substantially to this statement.

The law will not so construe a contract as to make it illegal, when it will bear a different construction making it legal.

The omission of the words "or order" "or bearer," in the declaration upon a promissory note, does not constitute a variance.

THE facts of this case are stated in the opinion of Mr. Justice WALKER.

STIPP & STARLING, for Appellants.

W. H. L. WALLACE, for Appellee.

WALKER, J. This cause was tried at the January term, 1859, of the Bureau Circuit Court. It was assumpsit on a promissory

note. The declaration contains one count only—is special upon the note, and describes it as follows:

" For that whereas the defendants, on the 5th day of November, A. D. 1855, at Princeton, in the county of Bureau and State of Illinois, made their promissory note in writing, bearing date on that day, and delivered the same to the plaintiff, and thereby, eighteen months after the date thereof, for value received, promised to pay to the plaintiff or bearer, by and under their names of John Crittenden, Jas. Fitzmaurice and Wm. Converse, the sum of two [hundred and eighty-seven dollars and fifty cents, *with interest thereon at the rate of ten per cent. per annum from the date thereof until paid,* which period hath now elapsed," etc.

The defendants pleaded the general issue.

The bill of exceptions shows that a jury was waived, and trial had by the court.

Plaintiff offered in evidence the following note: " Princeton, November 5th, 1855. Eighteen months after date, for value received, we promise to pay Charles R. French or bearer, two hundred eighty-seven dollars fifty cents, *with interest at ten per cent.*" To which the defendants objected, because of a variance ; the objection was overruled, and note read—which was all the evidence—and judgment rendered in favor of plaintiff, against defendants ; to the rendition of which judgment defendants excepted, and bring the cause to this court by appeal, and assign the following errors:

1st. The court erred in overruling the objection of defendants to the note, and in permitting plaintiff to read the same in evidence.

2nd. The court erred in rendering judgment in favor of plaintiff and against defendants.

It is one of the long established and uniform rules based upon the very principles of the system of pleading, that the contract should be correctly stated. If the evidence differ from the statement, it is a variance which requires it to be rejected, and the party must fail in sustaining his allegation. " It is laid down on this subject, that a contract or written instrument should be stated *according to its legal effect.* This rule is very extensive in its operation, and applies not only to the statement of contracts in *assumpsit,* but also to the statement by either party of contracts and obligations of every description, whether verbal, written, or specialty, in any form of action. The party is not *compelled* to follow the precise form of words in which the contract was made ; it suffices if he state its true legal effect and operation ; and it has been observed that a deed may be declared on, without using a word which was contained therein, except the names of the parties and the sums. Indeed, in some

cases it has been held absolutely necessary to depart from the terms of the contract, and a party has been defeated on the ground of variance, when he has used the precise words of the contract, but misstated its legal operation." 1 Chit. Plead., 6 Am. from 4 Lond. Ed. 334. The plaintiff is not to state more than the substance and legal effect of the contract he declares on; and except when the allegation of the contract is descriptive of a written instrument, he is not bound to prove his declaration literally, but substantially. If the evidence is precisely the same in substance with the declaration, although some immaterial term may have been omitted or added in the latter, there is no variance.

The note described in the declaration in this case, is payable " with interest at the rate of ten per cent. per annum from the date thereof until paid;" while the note read in evidence, was for the same amount, " with interest at ten per cent." The legal effect of the note read in evidence was that it should draw interest from date, and as the note fixes no other than an annual interest, the presumption is, that such was intended. The law will not give the construction that the parties intended to violate its requirements, by reserving more than ten per cent. per annum, when the instrument will bear a different construction, making it legal, when it will as well bear that as the other construction. It then follows that the note as declared upon, and as read in evidence, in legal effect is precisely the same. The additional words used in the declaration were not used as descriptive of the instrument, but as descriptive of the legal obligation of the note, and they described it truly.

This court has held that in declaring upon a promissory note or bond payable to a person, " or order," " or bearer," these words may be omitted in the declaration, and by doing so there will be no variance between the declaration and proof; and that it is sufficiently described according to its legal effect. *Sappington* v. *Pulliam*, 3 Scam. R. 385. It has been repeatedly held that the omission, to insert the words " for value received," in the description of the note in the declaration, constitutes no variance, when it is declared on according to its legal effect.

The judgment of the court below should therefore be affirmed.

*Judgment affirmed.*