# VALENTINE GRAMER

*v.*

## BARBARA JODER.

1. PROMISSORY NOTE—*construction of words relating to interest.* Where a promissory note, after the promise to pay a given sum of money, contained these words: *"at ten pe cen,* value received:" *Held,* that the abbreviated words *"pe cen"* had a meaning which any one would understand, and that the words made the note one bearing interest at ten per cent per annum from its date.

APPEAL from the Circuit Court of Bureau county; the Hon. E. S. LELAND, Judge, presiding.

Mr. S. M. KNOX, for the appellant.

Mr. J. I. TAYLOR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The point in this case is similar to that made in the preceding case of *Thompson* v. *Hoagland et al.*

This note reads as follows:

$400.                   Arispe, Oct. 8, 1864.

One year after date I promise to pay to the order of Barbary Joder, the sum of four hundred dollars at ten pe. cen. value received."

The court below, trying the cause without a jury, held this was a note bearing interest at ten per cent from date, and, we think, correctly. The words, though abbreviated "pe. cen.," have a meaning which is well understood. They speak a language all can understand; and no dealer in such securities would hesitate to accept this note as a note bearing ten per cent interest per annum from its date.

It was alleged in the declaration that the abbreviated words were intended to mean, and did mean, that ten per cent interest was stipulated. Had the cause been tried by a jury they would have been justified in finding that this allegation was true. The court, acting as a jury, found it was true, and, we think, correctly. *Paison* v. *Stoddard,* 6 Gray, 199; *Connor* v. *Routh,* 7 Howard (Miss.) 175. See *Keith et al.* v. *Sturgis,* 51 Ill. 142, as to abbreviations.

There being no error in the record the judgment is affirmed.

*Judgment affirmed.*