## Herman Lowy

### v.

## Sophie L. Andreas.

1. Practice—Demurrer.—Where a demurrer to a declaration is over-ruled, if the defendant wishes to plead over, he should ask leave to with-draw his demurrer, and file a plea. The granting or refusing of such motion, even if made at the same term, rests in the discretion of the court.

2. Promissory note—Words "order of."—In this State the legal effect of a promissory note reading "pay to the order of A" is the same as one reading "pay to A."

3. Note executed in another State made payable here.—Where a note, executed in Nebraska, is made specifically payable in this State, it is governed by the laws of this State the same as if made here.

4. Bona fide indorsee of note—Garnishment.—In such case, the fact that creditors of the payee have garnished, in a Nebraska court, the in-debtedness represented by the note, which, under the Nebraska law, was not negotiable, and obtained judgment therefor against the maker, constitutes no defense which is available in this State against a *bona fide* indorsee of the note.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed February 2, 1887.

Mr. Frank P. Reynolds, for appellant; that the omission of the words "order of" makes the note non-negotiable, cited Horsford v. Stone, 6 Neb. 380; R. S. of Neb., Ch. 32, § 1; Joslin v. Miller, 14 Neb. 91; Story on Promissory Notes, 176; Story on Conflict of Laws, 357.

The law of the construction of the legal operation and effect of the contract is governed by the law of the place where the contract is made: Warren v. Copelin, 4 Metc. 594.

The note not being negotiable it was an abuse of a reason-able discretion for the court to refuse appellant the right to make his defense: Alston v. Brownell, 4 Bradwell, 17.

Mr. A. S. Bradley, for appellee; that the words "order of" are mere surplusage, cited Sappington v. Pulliam, 3 Scam. 387; Crittenden v. French, 21 Ill. 600; Roosa v. Crist, 17 Ill. 451.

Bills of exchange or notes, *payable* at a particular place, are to be treated as if made there without reference to the place where they were written, signed or dated: Mason v. Dousay, 35 Ill. 432; Skelton v. Dustin, 92 Ill. 53; Edward on Notes and Bills, § 217; 1 Daniel on Negotiable Instruments, § 895.

BAILEY, J. This was an action of assumpsit, brought by Sophie L. Andreas against Herman Lowy. The declaration contains the common counts in the usual form, and a special count upon a promissory note for $10,000, executed by the defendant to one L. L. Smith, and by him indorsed to the plaintiff. Said note was dated at Omaha, June 27, 1885, and was payable six months after date, at the office of the defendant, at 110 Dearborn street, Chicago, Illinois, and bore interest at the rate of three per cent. per annum, and was described in the special count as payable to the order of said Smith. With her declaration the plaintiff filed her affidavit that her demand in said suit was upon the promissory note described in the declaration, and that there was then due to her from the defendant, after allowing him all just credits, deductions and set-offs, the entire principal of said note, together with interest thereon at the rate above mentioned from the date of said note. The defendant appeared and filed a demurrer to each count of the declaration, and said demurrer being overruled, judgment was rendered thereon in favor of the plaintiff for $10,281.66 and costs.

The point is made that the judgment is $23.33 in excess of the principal and interest appearing to be due on the note, but as that error has been obviated by a remittitur of that sum, it need not be considered.

The principal ground of complaint is the refusal by the court to permit the defendant to plead after overruling the demurrer. It is said by counsel that, upon the submission by the defendant of his motion in that behalf, the court announced that such motion would be granted if the defendant would file an affidavit showing that he had a good defense. The record shows no such announcement or ruling by the court, nor does it appear that any affidavit was required as a condition to granting leave to plead.

The bill of exceptions recites that, after the demurrer was overruled, and before judgment, the defendant moved for leave to plead, and in support of his motion submitted his affidavit. In said affidavit the defendant denied each of the several matters of indebtedness set up and alleged in the common counts, and denied the execution by the defendant of the promissory note described in the special count, but admitted the execution by the defendant to said Smith of a promissory note dated at Omaha, Nebraska, and differing from the note described in the declaration only in this, that said note was drawn payable to said Smith, instead of "to the order of said Smith," as alleged in said special count. The affidavit further states that said note was executed in the State of Nebraska, and that by the laws of that State, a note so drawn is not negotiable or assignable at law. Also, that on or about June 29, 1885, garnishee suits were commenced by various parties against the defendant in the district court of that State for the county of Douglass, said court being a court of general jurisdiction, and that the defendant, on or about the day last aforesaid, was served with summons in said garnishee proceedings, as a debtor of said Smith ; that in said suits the defendant was required to answer for all moneys, goods, chattels, choses in action and effects due, owing or belonging to said Smith, or in which he had an interest at the time of the service of the writ of garnishment; that said district court afterward rendered judgment in said garnishment proceedings in favor of the plaintiffs therein for the amount of the principal and interest of said promissory note, and ordered that the money due thereon should be paid to the plaintiffs in said proceedings.

It should be observed that, so far as the record shows, the defendant did not withdraw or offer to withdraw his demurrer on asking leave to plead. Where a demurrer to a declaration is overruled, if the defendant wishes to plead over, he should ask leave to withdraw his demurrer and file a plea. Conradi v. Evans, 2 Scam. 185; Weatherford v. Wilson, Id. 253; Godfrey v. Buckmaster, 1 Id. 447; Weatherford v. Fishback, 3 Id. 170; Town of South Ottawa v. Fisher, 20 Ill. 422; Herrington v. Stevens, 26 Id. 298; Voltz v. Harris, 40 Id. 155. The withdrawal of a demurrer is at the discretion of the party filing it,

and can not be compelled by the court, and until it is withdrawn, it remains in the record as an admission of the facts alleged in the pleading demurred to. A failure to withdraw a demurrer after it is overruled, operates as an election to abide by it, and justifies a judgment on the demurrer.

But even if it should be conceded that the motion for leave to plead was a withdrawal of the demurrer by implication, which, technically at least, in our opinion, it is not, there was no error of which the defendant can complain in refusing leave to plead. In Herrington v. Stevens, *supra*, the court say: "The rule is well settled, where a demurrer to a declaration is overruled, if the defendant wishes to plead over, he should ask leave to withdraw his demurrer, and file a plea, and the granting or refusing of such motion, even if made at the same term, rests in the discretion of the court." See also Conradi v. Evans, *supra*. It being thus a matter of discretion and not of right, the court was clearly justified in denying the defendant's motion for leave to plead, in the absence of proof of a meritorious defense to the plaintiff's action or some part of it. Did the defendant's affidavit disclose such defense?

In considering this question we may wholly disregard the common counts, since the recovery appears to have been only for the amount due upon the promissory note described in the special count. The affidavit denies the execution of the note set out in that count, it is true, but it admits the execution of a note of the same tenor and effect, except that the note declared on is described as being drawn payable to "the order of" said Smith, while the note described in the affidavit is stated to have been drawn payable to said Smith, without the words "the order of." Whether these words were or were not in the note is, in this State, wholly immaterial, the legal effect of the instrument being in either case the same. Sappington v. Pulliam, 3 Scam. 385; Crittenden v. French, 21 Ill. 598; Roosa v. Crist, 17 Id. 450; Archer v. Claflin, 31 Id. 306. The difference between the note described in the count and the one admitted by the affidavit does not even constitute a variance.

But it is said that the note was executed in Nebraska, and that by the laws of that State, such note is not negotiable.

We are of the opinion that the laws of Nebraska have no application. Although it may have been executed there, it was made specifically payable in this State, and so, upon well recognized rules of law, it is governed by the laws of this State the same as if made here. This principle is fully sustained by the authorities cited by counsel for the appellee. In this State it is negotiable, so as to vest the assignee with the legal title, and to cut off defenses existing against it in the hands of the payee.

If it be true that creditors of Smith have garnished the indebtedness represented by the note in a Nebraska court, and obtained judgment therefor against the defendant, that constitutes no defense which is available here as against a *bona fide* indorsee of the note. If the defendant has suffered such judgment to go against him, he may run the risk of being obliged to pay the note twice, but that is no reason why a *bona fide* assignee of the note should not be permitted to collect it. It thus appears that the affidavit discloses no defense to the note, and consequently there was no error in refusing leave to plead.

The only error in the record having been obviated by the remittitur, the judgment will be affirmed. The appellant, however, should recover of the appellee his costs in this court, and a judgment for said costs will be entered against the appellee, the appellee also to pay his own costs in this court.

Judgment affirmed.