STEPHEN S. START

V.

PATRICK MORAN ET AL.

*Practice—Variance—Objection First Raised in This Court—Evidence—Note—Guaranty.*

1.  A general objection of variance between the declaration and proof is insufficient.  That it may be available by exception, in what it consists must be made to appear.

2.  An objection can not be first raised in this court.

[Opinion filed August 1, 1888.]

ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Action of assumpsit on guaranty brought by defendants in error against plaintiff in error.  The note and guaranty thereon were as follows :

"$650.                                    CHICAGO, February 26, 1880.

" Six months after date I promise to pay to the order of D. H. Tolman & Co., six hundred and fifty dollars, payable at their office, value received, with interest at 8 per cent. per annum.                                    G. E. BOYLES."

Indorsed :

" S. S. START.

" Pay to P. MORAN & Co.

" D. H. TOLMAN & Co., without recourse on D. H. Tolman & Co."

" Payment guaranteed by me, August 28, 1880.

S. S. START."

The declaration alleged the making of the note on, to wit, February 26, 1880, and that D. H. Tolman & Company afterward, to wit, on the day and year aforesaid, and before the maturity of the note, indorsed and delivered the same to P. Moran & Company, and that on the same day, and before delivery of the note to the plaintiffs, in consideration that plaintiffs would accept and receive said note of said D. H. Tolman & Company, and for a valuable consideration to him in hand paid by the plaintiffs, the defendant, by his indorsement thereon, guaranteed the payment of said note, and promised the plaintiffs to pay the same if Boyles should not; that plaintiffs, relying on the undertaking of the defendant, received said note; that Boyles refused to pay the note, and defendant having notice thereof, became liable, etc.

On the trial, the evidence showed that the first indorsement, " S. S. Start," was on the note when it was delivered to the plaintiffs, but did not show whether it was written there before the note was delivered to the payees or after. It also appeared that the second indorsement by Start was made after the delivery of the note to plaintiffs. The note and indorsement were offered in evidence by plaintiffs, and objected to by defendant for the reason that the same was incompetent and irrelevant, and variant from the cause of action set forth in the declaration, and that plaintiffs had failed to show any consideration for the supposed guaranty. The objection was overruled, and defendant excepted. Verdict for plaintiffs for $906.07. Motion for new trial by defendant. Motion overruled and judgment on verdict. Defendant sues out this writ of error to reverse the judgment.

Messrs. WHITEHEAD & PICKARD, for plaintiff in error.

Messrs. CLIFFORD & SMITH, for defendants in error.

GARNETT, J.   The plaintiff in error objects to the judgment below, on the ground that neither of the considerations set forth in the declaration was proven as alleged. Whether that point is sound on the merits may be doubted, but the record

is in such condition that the question can not be raised in this court. The objection to the admission in evidence of the note and indorsement was that they were incompetent and irrelevant; that they were variant from the cause of action described in the declaration, and that no consideration had been shown for the supposed guaranty. There can be no pretense that the evidence was incompetent, nor does the plaintiff in error now make any such contention. The objection on the ground of variance was general, and failed to point out in what the variance consisted. That has been held insufficient. St. Clair County Ben. Soc. v. Fietsam, Adm'r, 97 Ill. 474.

If the variance had been specified the declaration could have been amended or further proof introduced to supply any deficiency. In this respect the case is parallel to Watson's Executors v. McLaren, 19 Wend. 557, where the court, in reply to a similar objection, said: "The objection was general that the guaranty and note varied from each count. The objection stopped there. To be made available by exception the particular discordances should have been pointed out, as they are now, for they were open to be obviated."

The proof did show a consideration. The law presumes a consideration from the note and guaranty. This is admitted by plaintiff in error, but he insists that the consideration thus presumed is not the consideration alleged in the declaration. The objection alleged on the trial was, that the proof did not show any consideration, which was not true. It would be unfair to allow this point any weight when the attention of the plaintiff below was not directed to it in time to meet it. The judgment of the court below will be affirmed.

*Judgment affirmed.*