PETER JENSEN *et al.*

*v.*

WILLIAM C. FRICKE *et al.*

*Filed at Ottawa May 14, 1890.*

133 171
136 90
133 171
145 417
133 171
46a 540

1. REPEAL OF STATUTES—*by implication.* A statute is not invalid merely because it may be in conflict with a prior one. The later act, if otherwise valid, will repeal, by implication, so much of the prior act as is necessarily in conflict with its provisions, and nothing more.

2. PRACTICE—*order of trial of causes—trial docket—the act of June, 1889, and the Practice act.* The act of June 1, 1889, entitled "An act to expedite the trial of certain suits at law in courts of record," is not necessarily inconsistent with the provisions of sections 14, 15 and 16 of the Practice act, and they both may stand. The clerk must still make

and keep the docket required by section 14 of the Practice act, and causes thereon are to be tried or disposed of in the order they occur on the docket, unless, for good cause, the court shall otherwise direct.

3. Same—*trying cause out of its order—discretionary.* This court will not interfere with the discretion of the trial courts in trying cases out of their order on the docket, for cause shown, unless in cases where the discretion is abused; and it has sustained rules of practice intended to facilitate the business of the courts, although they had the effect to dispose of cases out of their order.

4. Same—*waiver—of objection to trying case out of its order on docket.* A party may waive his right to have his cause disposed of in its order on the docket of the court, and if he voluntarily appears on the day set on the daily calendar, and waives a jury, and submits to a trial without objection, he can not afterward be heard to complain of the irregularity.

5. Same—*practice and remedies—within legislative control.* Within the limitation that the rights of litigants shall not be impaired and a remedy shall be preserved, the rules of practice and remedies to be pursued are within the legislative discretion and control. The only other limitation is that imposed by section 29, article 6, of the constitution, which provides that "all laws relating to courts shall be general, and of uniform operation," and the proceedings and practice of all courts shall be uniform.

6. Litigants have no vested rights in the rules of practice or modes of procedure prescribed by law, but at all times prior to the final trial of their causes, the law prescribing the same, within the limits stated, may be altered, amended or repealed, and other modes of procedure substituted by the legislature.

7. Same—*act of 1889—"to expedite the trial of certain suits," etc.—constitutionality—whether a local or special act.* The act of 1889, entitled "An act to expedite the trial of certain suits at law in courts of record," is not special legislation, within the prohibition of section 22, article 4, of the constitution. It is applicable to all courts of record in the State, and applies to all common law causes similarly situated in any and all courts of record, and creates a uniform practice therein, within the meaning of section 29 of article 6 of the constitution.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. Edward T. Cahill, for the appellants:

The act of the legislature entitled "An act to expedite the trial of certain suits at law in courts of record," approved

June 1, 1889, is contrary to and in conflict with sections 14, 15 and 16 of the general Practice act of the State. The act is also special, and in conflict with section 22, article 4, of the constitution. *Frye* v. *Partridge,* 82 Ill. 267; *Devine* v. *Cook County,* 84 id. 590.

The act is in conflict with section 29, article 6, of the constitution. It applies only to that class of courts in which there is more than one judge presiding, and is specially applicable to Cook county, and is therefore null and void. *Benson* v. *Johnson,* 90 Ill. 94; *Angel* v. *Manufacturing Co.* 73 id. 412; *Fisher* v. *Nat. Bank,* id. 34; *People* v. *Rumsey,* 64 id. 44; *Mitchell* v. *People,* 70 id. 138; *Griswold* v. *Shaw,* 79 id. 449; *Braidwood* v. *Weiller,* 89 id. 606.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was a suit in debt, brought by appellees, against appellants, in the Superior Court of Cook county, May 24, 1889. On the 13th day of January, 1890, plaintiffs therein moved the court, and the court, over the objection of defendants, placed the cause on the "short cause calendar" for Monday, January 20, 1890. No objection is urged that the affidavit and notice filed in support of said motion were not in literal compliance with the statute. On the 20th of January, 1890, the cause was called on such short cause calendar, and the defendants appeared, waived a jury, and submitted the cause to the court for trial, without objection. The trial resulted in a finding for plaintiffs,—debt, $200, to be satisfied upon payment of $119 damages. Motion by defendants for a new trial was overruled, and exception taken, and judgment rendered in accordance with the finding.

The questions raised on the record relate to matters of practice, and reliance is chiefly placed upon the invalidity of the act of June 1, 1889, in force July 1, 1889, entitled "An act to expedite the trial of certain suits at law in courts of record,"

to sustain the errors assigned. It is, however, first insisted by counsel in argument, that the act in question is in conflict with sections 14, 15 and 16 of the Practice act, which provide that the clerk shall keep a docket, giving the criminal cases precedence, setting all others down in the order of their commencement, and that such "cases shall be tried or otherwise disposed of in the order they are placed upon the docket," etc. If this was conceded to its fullest extent, the result would be that the later act, if otherwise valid, would repeal, by implication, so much of the Practice act as was necessarily inconsistent with its provisions, and nothing more. But it seems clear that no repeal was intended of the provisions of the Practice act, nor does any arise by necessary implication. The clerk must, as heretofore, make and keep the docket as required by section 14 of the Practice act, and causes thereon are to be tried, or otherwise disposed of, in the order they occur on the docket, "unless the court, for good and sufficient cause, shall otherwise direct," as provided in the sixteenth section. It has been the uniform practice for courts to pass cases out of their regular order, and to try them in other order than that in which they were placed upon the docket, for good and sufficient cause appearing, and this court has uniformly refused to interfere with the exercise of the discretion vested in the trial court in that regard, unless there has been an abuse of such discretion. (*Clark* v. *Marfield,* 77 Ill. 258; *Smith* v. *Third Nat. Bank,* 79 id. 118.) So rules of court intended to facilitate and advance the business of the courts, when they did not conflict with the rules of practice established by the legislature, have been sustained by this court, although they had the effect to reach and dispose of causes out of the order in which they had been placed upon the docket. *Hinckley* v. *Dean,* 104 Ill. 630.

The act under consideration creates a rule of practice merely, and provides a more expeditious mode of disposing of causes to which it applies. For reasons satisfactory to the legisla-

ture, the cases falling within the act are to be placed upon a calendar, or day's call, and are to be tried on the day required to be fixed by the court trying common law causes. It can not be doubted that in mere collections, and like cases, where but little time need be consumed, the public interest will be promoted and the dockets of the courts relieved thereby. Within the limitation that the right of the litigant shall not be impaired, and a remedy shall be preserved, the rules of practice and remedies to be pursued are within the legislative discretion and control, the only other limitation being that imposed by section 29 of article 6 of the constitution, that "all laws relating to courts shall be general and of uniform operation, and the proceedings and practice of all courts shall be uniform."

The act operates upon causes pending, irrespective of whether they were commenced before or after it came in force. Parties litigant have no vested right in the rules of practice or modes of procedure prescribed by law, but at all times, prior to the final trial of their cause, the law prescribing the same, within the limit before mentioned, may be altered, amended or repealed, and other rules and modes of procedure substituted by the legislature. (*Holcomb* v. *People,* 79 Ill. 409; *People* v. *Hoffman,* 116 id. 587; *Gage* v. *Stewart,* 127 id. 207; Cooley's Const. Lim. sec. *361.) The act provides for ample notice to be given of placing causes on this calendar, and preserves to the defendant every right he would have had, had his case remained upon the general docket.

It is, however, objected, that the act is special legislation, and therefore within the prohibition of section 22, article 4, of the constitution. The act is neither local nor special. "Each court of record in this State," means every court of record in this State. "Each judge of a court of record engaged in the trial of suits on the common law docket," means every judge of a court of record so engaged. The act, by its terms and in its nature, is applicable to all courts of record within this

State. It also applies to all common law causes similarly situated in any and all courts of record, and creates a uniform practice therein, within the meaning of the constitutional provision before quoted. It is no more special than the statutes requiring one suit to be commenced by plaint, another by summons, and another by bill, or that prescribe the result that shall follow in certain cases upon filing an affidavit of merits, or in another upon filing an affidavit of common source of title, and the like provisions. All these matters, when regulated by general law, applicable alike to all persons and causes similarly situated, are within the legislative discretion and control.

But if it were otherwise, appellants can not now complain of the irregularity, if one existed. The court had jurisdiction of the persons and subject matter, and the defendants having voluntarily appeared on the day set for trial of the cause, waived a jury and submitted the trial without objection, can not now be heard to complain. The record shows that no objection was interposed upon the call of the case upon the short cause calendar. They had the right to waive the objection, and, by waiving a jury and submitting the cause to the judge for trial, did so. (*Cleaver* v. *Webster*, 73 Ill. 607.) Having waived the objection when they might have insisted upon it, they were in no position to urge it upon motion for a new trial.

We are of opinion that no error is shown in this record. The judgment of the Superior Court is affirmed.

*Judgment affirmed.*