## THE CHICAGO STOVE WORKS

### v.

## JOHN LALLY, JR., BY NEXT FRIEND, ETC.

*Contracts—Pleading—Variance—Apprenticeship.*

1.  In an action brought to recover upon a written contract of apprenticeship, wherein defendant agreed to teach a person named a certain trade, the terms of said contract varying from the allegations of the declaration, this court holds, the discontinuance of the suit as to a co-plaintiff having left the record such that the evidence fails to show any covenant on the part of the plaintiff, that the judgment against the defendant can not stand.

2.  Questions of variance should not be primarily raised herein.

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

Messrs. HYNES & DUNNE, for appellee.

WATERMAN, J. This was an action of assumpsit. The amended count of the declaration upon which the case was

.tried, as amended, set forth that by a written contract between the plaintiffs of the one part, and the defendant of the other part, the plaintiff did place, agree and bind him, the plaintiff, John Lally, Jr., apprentice to the defendant, to learn the art and calling of stove molding with it, and that the defendant· thereby agreed and promised to and with the said John Lally, Jr., to teach or cause to be taught to him at their works, the said trade of stove molding, fully and completely. For a breach, the court set forth that the said defendant did not, nor would it, during the term provided in said contract, teach the said John Lally, Jr., the said trade of stove molding.

When this count was filed, the plaintiffs were John Lally and John Lally, Jr. The contract introduced in evidence upon the trial is, that the said John Lally, the father of the said John Lally, Jr., and by and with his consent, has bound, and by these proceedings does bind the said John Lally, Jr., to the said Chicago Stove Works as an apprentice, to learn the trade of stove molding; and the contract contains the recital that it is made and entered into by and between John Lally, the father of John Lally, Jr., a minor, John Lally, Jr., expressing and testifying his consent to the making of the indenture by his becoming a party thereto and signing the same.

The contract concludes: "In testimony whereof the said parties have hereunto set their hands and affixed their seals to duplicate copies hereof the day and year above written.

JOHN H. LALLY, JR.,      [SEAL.]

JOHN LALLY,      [SEAL.]

THE CHICAGO STOVE WORKS. [SEAL.]

JAMES C. BUSSY, Secretary."

The introduction of the contract was objected to as being variant from the declaration, and it was admitted over the objection of the defendant. The jury returned a verdict of $200 for the plaintiffs. Upon the motion for a new trial being overruled, the plaintiffs discontinued as to the co-plaintiff, John Lally, and it was ordered that all papers and proceedings in the cause be amended in accordance with such discontinuance.

There was a variance between the contract and the declaration. The declaration is that the plaintiffs did bind the plaint-

iff, John Lally, Jr., apprentice to the defendant, whereas, it appears by the contract that it was John Lally, the father of John Lally, Jr., who bound his son to the Chicago Stove Works, so that the contract offered in evidence is not in accordance with the declaration, either before or after the amendment.    By the amendment the suit became one by John Lally, Jr., only, based upon a written contract under seal made by John Lally, John Lally, Jr., joining therein and being mentioned as assenting thereto; but the allegation that " the plaintiffs " bound, remained; whereas, the plaintiff, who, after amendment, was John Lally, Jr., only assented to the binding of himself by John Lally.  The variance in respect to the agreement to teach, it being in the covenant, to teach " as fully and completely as the same may be in the power of the respective parties to teach and receive," and charged in the declaration to have been " to teach or cause to be taught him, fully and completely," is one which, to entitle the defendant to insist upon it in this court, should have been specifically pointed out on the trial.    Lake Shore & Mich. So. R. R. Co. v. Ward, 35 Ill. App. 423–427; Start v. Moran, 27 Ill. App. 119; St. Clair Co. Benevolent Society v. Fietsam, 97 Ill. 474.

As to the first mentioned variance, the plaintiff has, by discontinuing as to John Lally, left the record such that the evidence fails to show any covenant on the part of the plaintiff; there is at most but an acquiescence of the plaintiff in covenants made for his benefit.

For the error indicated the judgment is reversed and the cause remanded.                    *Reversed and remanded.*