Belford v. Beatty.

## Alexander Belford

### V.

### A. J. Beatty et al.

*Negotiable Instruments—Forbearance—Short Cause Calendar—Interest.*

1.   Where a creditor refrains from attempting to collect a debt, in consideration of the giving of notes covering the same indebtedness by third parties, the latter are based upon a sufficient consideration.

2.   Where the parties to a given suit appear, waive a jury and proceed to a trial without objection, after a motion to strike the cause from the short cause calendar has been denied, such action amounts to a waiver of all ground of objection to the time of the trial.

3.   Where no variance was specifically pointed out on the trial, the question whether certain notes varied from the description of them in the declaration in a given case, will not be considered herein.

4.   Whether all the goods ordered, for which notes were given, were sent, or part of them delayed at the request of a person named, or without such request, is not a question, under a plea of no consideration.

5.   A bill of exceptions should ordinarily be written and signed during the term at which the decision was rendered, in regard to which the exception was taken.

[Opinion filed December 29, 1892.]

Appeal from the Superior Court of Cook County; the Hon. George H. Kettelle, Judge, presiding.

Messrs. Newman & Northrup, for appellant.

Messrs. Ullmann & Hacker, for appellees.

Mr. Justice Gary.   The appellees sued the appellant upon two promissory notes, and the appellant pleaded that they were given without consideration.

The transactions which ended in these notes begun by an order from the San Juan Company, of which Belford was president, for goods, the payment being guaranteed by

"Belford, Clark & Co., A. Belford, President." Drafts for various sums followed, upon which as acceptors and indorsers appeared, without much seeming regard as to which incurred liability, the names "San Juan Company," "Belford, Clark & Co." and "Alexander Belford," until finally, everything now in controversy being overdue and unpaid, the appellant wrote this letter to one of the appellees' attorneys:

"November 27, 1891.

MR. HACKER:

The best I can see my way on this is fifteen days $1,376 and twenty days $1,836.41. I have got knocked out this week again. If this will answer I will send you new notes with interest and you can hold the old ones until these are paid.                    Yours truly,

A. BELFORD."

The attorney wrote on this letter, "I will accept this. Send your notes," and sent the letter back, and the appellant sent the notes sued upon, which are in conformity with the letter, except that the larger one is twenty-one days after date. Both are signed simply "A. Belford," and say "I promise."

The forbearance, the finding of which this correspondence justified, was a sufficient consideration for these notes, if the appellant was not before personally liable. Tiedeman, Com. Paper, Sec. 175.

The case was placed upon the short cause calendar, and the appellant now assigns errors on the steps taken to put it there, and not striking it off on his motion.

There are two reasons for not considering these assignments. First, the case was called for trial February 1, 1892, and the court took the motion to strike off under advisement, and denied it February 9, 1892.

February 15, 1892, the parties appeared, waived a jury, and proceeded to a trial without objection.

This was a waiver of all ground of objection to the time of the trial. Jensen v. Fricke, 133 Ill. 171; Prall v. Hunt, 41 Ill. App. 140; National Union Building Ass'n v. Brewer, 41 Ill. App. 223.

The other reason is, that the motion to strike the cause from the short cause calendar was, as already stated, denied February 9, 1892, and no time was then asked or given to prepare a bill of exceptions.

There is a bill of exceptions signed and filed June 3, 1892, which says that the appellant on February 9, 1892, "then and there duly excepted and still excepts" to the denial of his motion, but that bill is too late. Wabash, etc., Railway Co. v. People, 106 Ill. 652.

Whether the notes varied from the description of them in the declaration, is not a question here. No variance was specifically pointed out on the trial, only the general objection made, "that they were not properly described in the declaration and papers annexed to the declaration." Chicago Stove Works v. Lally, 41 Ill. App. 249.

Whether all the goods ordered were sent, or part of them delayed, at the request of the appellant, or without such request, is not a question, under a plea of no consideration.

The court rightly read "Int. @ 6 per cent. p. a." at the end of each note, as meaning interest at six per cent per annum. Gramer v. Joder, 65 Ill. 314.

The judgment is affirmed.

*Judgment affirmed.*