## WILLIAM FITZGERALD

### *v.*

## JAMES LORENZ.

*Opinion filed October 19, 1899.*

1. PLEADING—*when averment of rate of interest is not at variance with legal effect of note.* An averment in a declaration that notes were payable "with interest at six per cent per annum," is in accordance with the legal effect of a note which reads "interest at six per," so that the irregularity of an amendment made at trial, conforming the pleading to the proof, is immaterial.

2. SAME—*when amendment sufficiently indicates the part of the declaration amended.* An amendment to be inserted in each count of the declaration after a specified word, and as a substitute for certain other words which appear but once in each count, is sufficiently plain as to what part of the declaration is to be amended.

3. EVIDENCE—*proof of interest "at six per" warrants finding of six per cent a year.* A finding by the jury that the note in suit is payable with interest at the rate of six per cent per annum is warranted under evidence that it contains the words "interest at six per."

4. APPEALS AND ERRORS—*when appellant cannot complain that court ordered his plea of general issue to stand to amended declaration.* An appellant cannot complain that the court erred in ordering his plea of the general issue to stand as a plea to the amended declaration, when he did not move, after the amendment, for leave to file an additional plea and the record does not disclose that he has any defense inadmissible under the general issue.

*Fitzgerald* v. *Lorenz,* 79 Ill. App. 651, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This is an appeal from a judgment in favor of appellee, rendered in an action of assumpsit by appellee against appellant. The declaration, filed October 31, 1894, contains two special counts and the common counts. The first special count avers "that William Fitzgerald, on the first day of December, 1894, made his promissory note,

bearing date the day and year aforesaid, and then and there delivered the said note to James Lorenz, the plaintiff, in and by which note the said defendant, by the name, style and description of William Fitzgerald, promised to pay to the order of said plaintiff, fourteen months after the day and year last aforesaid, $1000, payable at Gerald Building," with interest at six per cent per annum. The second count differs from the first only in being on another note for the sum of $900, due eighteen months after December 1, 1894.

Appellant, May 5, 1897, pleaded the general issue, and November 11, 1897, the case was called for trial, and the note sued on being offered in evidence by appellee, appellant objected, on the ground that the averment in each special count of the declaration with regard to interest was "with interest at six per cent per annum," whereas the notes offered in evidence read merely "interest at six per." Thereupon appellee made a cross-motion for leave to amend his declaration, which the court allowed, and overruled appellant's objection, and appellee filed the following amendment:

"Lorenz  
   *vs.*  
Fitzgerald.

"James Lorenz, by Charles McNett, his attorney, amends his declaration as follows: On line 34, after the word 'per,' strike out the words 'cent per annum,' and insert the words 'meaning thereby to pay interest at the rate of six per cent per annum.' On line 17, page 1, after word 'per,' strike out same words as above; strike out and insert same words as above inserted.

CHARLES S. McNETT, *Plff's Atty.*"

The amendment was filed after the jury retired to consider of their verdict. The trial proceeded, and the jury returned a verdict for the appellee, and assessed appellee's damages at the sum of $1734.33. On November 27, 1897, after the verdict was rendered, appellant, by leave of court, filed a demurrrer to the amended declaration, which the court overruled, and ordered that the plea of

the general issue theretofore filed to the original declaration should stand as a plea to the amended declaration, overruled appellant's motion for a new trial, and rendered judgment on the verdict.

C. M. HARDY, for appellant.

CHARLES S. MCNETT, for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"Appellant's counsel contends that the variance between the original declaration and the notes put in evidence is fatal; that the court erred in permitting an amendment of the declaration; that the amendment was so made that it is impossible to determine in what part of the declaration it belongs; that it is not supported by the proof; that the court erred in ordering the plea of the general issue to stand as a plea to the amended declaration, and in overruling the demurrer to the amended declaration, etc., and that the judgment is excessive.

"The declaration does not purport to set out the notes sued on *in hæc verba*, but only in accordance with their legal effect, and the latter is the proper and scientific mode of declaring on a contract. (1 Chitty's Pl.—9th Am. ed.—p. 305; *Crittenden* v. *French*, 21 Ill. 598).

"The legal implication from the words used in the notes, viz., 'interest at six per,' is that they were to bear interest at the rate of six per cent per annum. In *Gramer* v. *Joder*, 65 Ill. 314, the note sued on read: 'One year after date I promise to pay to the order of Barbara Joder the sum of $4000 at ten per cent, value received.' *Held*, the meaning was that the note bore interest at the rate of ten per cent per annum. In *Thompson* v. *Hoagland*, 65 Ill. 310, the note read: 'One year after date I promise to pay William Thompson, or order, $374.79, at ten per centum from date.' *Held*, that the note bore interest at the rate of ten per cent per annum.  It will be observed that in

neither of the two cases last cited was the word 'interest' contained in the note. See, also, *Williams* v. *Baker*, 67 Ill. 238, and *Belford* v. *Beatty*, 46 Ill. App. 539.

"It follows from these authorities that the averment in the original declaration, that the notes were payable 'with interest at six per cent per annum,' was in accordance with the legal effect of the note. This being so, if the amendment was not properly made, as appellant's counsel contends, the irregularity is immaterial.

"But we do not agree with counsel for appellant that it cannot be determined in what part of the declaration the amendment is to appear. It is to appear after the word 'per' and as a substitute for the words 'cent per annum,' which last words are to be stricken out, and there is not the least difficulty in ascertaining the places where the words 'per cent per annum' occur, there being only two such places in the declaration, one in each of the special counts. If, then, the declaration be considered as amended, and the question whether the words 'interest at six per' mean interest at the rate of six per cent per annum, solely a question of fact, the jury were fully warranted in their finding. In *Thompson* v. *Hoagland, supra,* the court say: 'The word 'interest' is not found in the note, yet we cannot but consider it, and it would be received in the money market, as a note bearing ten per cent interest per annum from its date. That would be the common judgment of any body of men to whom it should be submitted.' Such was the understanding of the parties themselves. On the $1000 note is endorsed a receipt of James Lorenz of date February 1, 1896, for $70, 'being interest in full to above date.' This is exactly the amount due February 1, 1896, for interest from December 1, 1894, at the rate of six per cent per annum. On the note for $900, and under date July 1, 1896, is a receipt for $85.50 'interest,' the exact amount of interest due from the date of the note to July 1, 1896, at the rate of six per cent per annum.

"When the court permitted the amendment of the declaration, appellant did not move for leave to file an additional plea. He cannot now, therefore, be heard to complain. (*Knefel* v. *Flanner*, 166 Ill. 147).

"It does not appear from the record that appellant has any defense inadmissible under the general issue. On the trial he offered no evidence, his sole defense apparently consisting of objections. Appellant's demurrer ·was to the whole declaration, was general, and was properly overruled.

"Appellant's counsel suggests that the judgment is greater than warranted by the evidence. The amount of the judgment is not in excess of principal and interest due November 11, 1897, the date of the trial, after deducting all payments proved.   *   *   *

"The judgment will be affirmed."

We concur in the views above expressed, and in the conclusion above announced. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*