## George Thomson, Adm'r, etc., v. Joseph N. Barker, Adm'r, de bonis non, etc.

1. PROBATE COURTS—*Jurisdiction of Claims Against Estates both Legal and Equitable.*—The Probate Court has jurisdiction of all claims, both legal and equitable, against estates therein administered upon.

2. CLAIMS IN PROBATE—*Written Pleadings Unnecessary.*—Written pleadings are unnecessary when a claim is presented for allowance in the Probate Court.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—July 16, 1897, Joseph N. Barker, administrator *de bonis non* with the will annexed of the estate of James Reid, deceased, filed a claim in the Probate Court of Cook County in his name as such administrator against the estate of Duncan M. Thomson, deceased. This claim consisted of nineteen different items; sixteen of them were for moneys due on promissory notes given by Duncan M. Thomson and interest on the same. Two were for moneys claimed to be due on a receipt given by Duncan M. Thomson to James Reid for $1,000 and interest on the same.

The nineteenth and last item was a claim on the executor's bond of Dougal Muir, given in the estate of James Reid, on which bond Duncan M. Thomson was surety.

Thomson v. Barker.

The heading of the claim is as follows:

STATE OF ILLINOIS, } ss.     IN THE PROBATE COURT OF COOK
County of Cook.            COUNTY.

Estate of Duncan M. Thomson, deceased.

To Joseph N. Barker, administrator *de bonis non*, with the will annexed of the estate of James Reid, deceased. Dr.

To moneys due on:   \*   \*   \*

The nineteenth item is as follows:

*Nineteenth:* Amount due on ˙bond given by Dougald Muir, Duncan M. Thomson and 'Sverke Domby given to secure the faithful performance of duties of Dougald Muir as executor of the last will and testament of James Reid, deceased .................................... $37,000

Interest on said sum from the 12th day of May, 1897, to July 6, 1897.

This claim was allowed in the Probate Court May 17, 1898, for $12,672.34. George Thomson, administrator of the estate of Duncan M. Thomson, deceased, appealed to the Circuit Court.

The defendant filed pleas of non-assumpsit and set-off as to all the items excepting the nineteenth. As to the nineteenth item he filed pleas of *non est factum* and *nil debit*. A trial was had in the Circuit Court before Judge Baker and a jury.

The court peremptorily instructed the jury to find a verdict for the claimant on all the items of the claim except the ones on the receipt for $1,000. As to this receipt he submitted the case to the jury. The jury found for the defendant estate as to this receipt, and found a verdict on the other items in favor of the claimant, in accordance with the peremptory instructions of the court. The total amount of the verdict was $12,159.11.

Motions for a new trial were made by both the claimant and the defendant estates, and they were overruled by the court. A motion to arrest the judgment was made by the defendant. This was overruled by the court, and a judgment entered for the sum of $12,159.11; the defendant appeals to this court.

April 3, 1893, Dougald Muir, as executor of the will of James Reid, gave an executor's bond in the Probate Court, Cook County. Duncan M. Thomson, Sverke Domby and Charles Pugh were sureties on such bond.

Duncan M. Thomson died in January, 1896. July 7, 1896, Dougald Muir was removed by the Probate Court of Cook County as executor of the James Reid estate, and May 12, 1897, the Probate Court entered an order on him to pay over to Joseph N. Barker, who had been, in the meantime, appointed his successor, the sum of $2,890.16. Muir failed to pay, and the nineteenth item of the claim in this case is based on this neglect.

FRED H. ATWOOD, FRANK B. PEASE and CHAS. O. LOUCKS, attorneys for appellant.

WILLIAM R. PLUM, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is urged by appellant that the court improperly admitted in evidence the bond given by Dougald Muir; first, because, as the bond runs to the people of the State of Illinois, no action could be maintained thereon save in the name of the people.

The claim in this case was filed in the Probate Court against the estate of Duncan M. Thomson, there in process of administration.

The Probate Court has jurisdiction of all claims, both legal and equitable, against estates there administered upon; and this claim was properly allowed by this court in favor of the estate to which it belonged. Moore v. Rogers, 19 Ill. 347; Dixon v. Bell, 21 Ill. 203; Hurd v. Slater, 43 Ill. 348; Brandon v. Brown, Ex'r, etc., 106 Ill. 519; McCall v. Lee, 120 Ill. 261–269; Clark v. Carr, 45 Ill. App. 469–478.

The omission of the statement of the claim in the Probate Court of the name of Charles Pugh, one of the makers of the bond, is immaterial. The claim was presented against the estate of Duncan M. Thomson; no objection was made on account of variance, which should have been done if

appellant expected to rely thereon.  Stearns v. Reidy, 135 Ill. 119–122; Smith v. Prall, 133 Ill. 312; Start v. Moran, 27 Ill. App. 119.

Written pleadings are unnecessary when a claim is presented for allowance in the Probate Court.  Thorp v. Goewey, 85 Ill. 612.

The Probate, and on appeal the Circuit Court, properly proceeded to consider this claim and to allow the same, notwithstanding it was a legal claim against a surety who could be held only upon the letter of his bond.  No defense thereto was shown.

The judgment of the Circuit Court is affirmed.