HORACE H. BADGER, Appellee, *vs.* THE MISSISSIPPI VAL-
LEY PORTLAND CEMENT COMPANY, Appellant.

*Opinion filed October 28, 1910—Rehearing denied Dec. 7, 1910.*

CONSTITUTIONAL LAW—*"short cause calendar" provision of the
Practice act is valid.* Section 27 of the Practice act of 1907, re-
lating to the placing of certain cases upon the short-cause calendar
for trial, is not in violation of section 22 of article 4 of the con-
stitution, concerning special legislation, but is a valid law. (*Jen-
sen* v. *Fricke,* 133 Ill. 171, and *Louisville, New Albany and Chi-
cago Railway Co.* v. *Wallace,* 136 id. 87, followed.)

APPEAL from the Circuit Court of Cook county; the
Hon. M. W. PINCKNEY, Judge, presiding.

JAMES M. GWIN, for appellant.

JOSEPH WRIGHT, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an action in assumpsit, brought by the appellee,
Horace H. Badger, in the circuit court of Cook county,
against the appellant, the Mississippi Valley Portland Ce-
ment Company, to recover for services as a book-keeper.
The declaration contains only the common counts. The
plea of the general issue was filed, and upon affidavit and
notice by appellee the cause was placed upon the short-cause
calendar. The appellant objected to the jurisdiction of the
court to try this cause on the short-cause calendar, and
moved to strike the case from the calendar for the reason
that section 27 of the act in relation to practice and pro-
cedure in courts of record, approved June 3, 1907, is un-
constitutional. This motion was denied, and, the jury being
waived, trial was had before the court, resulting in a judg-
ment against appellant for $3345 and costs. From that
judgment an appeal has been taken to this court.

The only question presented for review is the constitutionality of section 27 above referred to. That section provides that it shall be the duty of the clerk of each court of record to prepare a trial calendar, in addition to the regular trial calendar, to be known as the short-cause calendar, and upon any party, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to all the other parties to the suit or their agent or attorney, such suit shall be placed by the clerk upon the short-cause calendar, but that the suit shall not be placed upon the short-cause calendar by the defendant unless he files his affidavit within sixty days after the suit is at issue. The contention of the appellant is that this section is in contravention of section 22 of article 4 of the constitution.

Prior to the passage of the Practice act of 1907 there was in force "An act to expedite the trial of certain suits at law in courts of record," approved June 1, 1889. (Laws of 1889, p. 222.) The first section of that act is the same as section 27 of the Practice act of 1907, except it provided that only the plaintiff, his agent or attorney, might procure the placing of the cause upon the short-cause calendar. The constitutionality of the act of 1889 was questioned in two cases decided by us; the first being the case of *Jensen* v. *Fricke,* 133 Ill. 171, and the second the case of *Louisville, New Albany and Chicago Railway Co.* v. *Wallace,* 136 Ill. 87, in both of which we held that the act of 1889 was not special legislation within the prohibition of section 22 of article 4 of the constitution. In the latter case it was contended that as the first section of the act granted to the plaintiff, alone, the right to put a cause upon the short-cause calendar and did not extend the same right to the defendant, the legislation was therefore unequal and partial and the act unconstitutional. The present act extends to the defendant the privilege of having his cause

847—8

placed upon the short-cause calendar provided he does so within sixty days after the suit is at issue, and is less objectionable on the grounds urged than the act of 1889.

In view of the holdings in the cases just cited, the trial court committed no error in refusing to strike the cause from the short-cause calendar, and the judgment of the circuit court is affirmed.   *Judgment affirmed.*