## Margaret Hirschberg, Appellee, v. Thomas Cusack Company, Appellant.

### Gen. No. 22,875.

1. CONTRACTS, § 173*—*when construction which will make contract legal will be adopted.* Where one construction will make a contract legal and another will make it contrary to law or public policy, the former construction will be adopted, if reasonable.

2. MUNICIPAL CORPORATIONS, § 833*—*what is purpose of ordinance of City of Chicago regulating signboards on tops of buildings.* Article XXIII of the Ordinances of the City of Chicago, relative to billboards and signboards, must be construed as being intended for the purpose of permitting such signboards on the tops of buildings as are built so as to minimize or avoid the danger from exposure of a large flat surface to wind pressure.

3. LANDLORD AND TENANT—*when construction adopted which will make lease of space for signboards valid.* Where one construction of a lease of a portion of the top of a building for the purpose of erecting and maintaining "electrical advertising signboards" would make it invalid under a city ordinance and another as permitting the kind of a signboard permitted by the ordinance, the latter construction will be adopted.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed June 11, 1917.

JOHN S. HUMMER, for appellant.

WILLIAM SLACK, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing suit for rent due under a contract with the defendant for advertising space, upon trial by the court had judgment for $200 from which the defendant appeals.

By the contract in question the defendant was given

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the right to erect and maintain on the roof of a building in Chicago "electrical advertising signboards thereon from the first day of June, 1913, to the thirtieth day of April, 1918." The defense asserted is that this agreement is void for the reason that at the time of its execution there was in force and effect in the City of Chicago a certain ordinance relating to billboards, signboards, signs and fences, "Article XXIII"; that by section 695 thereof it was provided that "no billboard or signboard shall be erected or placed upon or above the roof of any building or structure within the limits of the City of Chicago"; that this made illegal the erection and maintenance of the kind of signboards permitted by the lease to be erected on plaintiff's property.

Attention is particularly directed to the word "signboards" contained in the lease, and evidence was introduced tending to show that this kind of advertising boards comes within the inhibition of the ordinance. Plaintiff replies that the same ordinance contains another section which permits certain kinds of electrical signs to be erected upon roofs in Chicago, and that under the permission of this section the kind of signs mentioned in the lease could be erected and maintained; hence the instrument is valid and binding.

The rule is that "where one construction will make the contract legal and another will make it contrary to law or public policy, the former construction will be adopted, if reasonable." 9 Cyc., p. 586. And it was said in *Crittenden v. French,* 21 Ill. 598, 600: "The law will not give the construction that the parties intended to violate its requirement * * * when the instrument will bear a different construction, making it legal, when it will as well bear that as the other construction."

Examining section 710, it is apparent that it contemplates permission to erect, under certain limitations

and conditions, electrical roof signs or signboards. The kind of roof signs permitted are those "which have all or any part of its letters of which said signs may be constructed either in an outline of incandescent lamps or which have painted, flush or raised letters where the face of the sign presents a surface to be affected by wind pressure not in excess of the requirements hereinafter contained; or signs having a border of incandescent lights attached thereto and reflecting light thereon; or transparent glass signs where they are lighted by electricity or other illuminant. Every such sign as hereinabove described shall be constructed with steel skeleton construction so as to present a surface to be affected by wind pressure which shall not exceed 50 per cent. of the face of the sign." A sign so constructed might reasonably be called a signboard; at least we must construe these words as used in the lease as meaning to describe the kind of a sign which would be permitted under the ordinance. In so doing we are following the rule of construction above stated.

Even if we should be confined to the strict meaning of the words employed, it occurs to us that there is considerable difference between the ordinary solid wooden surface of the ordinary signboard and the electrical signs or signboards which are in evidence on so many roofs in this and other cities. It would be reasonable to hold that an electrical signboard was one with illuminated letters or pictures, with a comparatively small surface presented to wind pressure. It is evident from inspection of the entire ordinance that the danger sought to be avoided is the exposure of a large flat surface to wind pressure, and that the ordinance is designed to permit such signboards which may be constructed so as to minimize or avoid such danger.

Whatever error there may have been in the admission of the testimony of the witness Greenberg is not of sufficient importance to justify a reversal.

Under the construction we have given to the lease in question, a legal use of the demised premises was granted to the defendant, and for this use it is obligated to pay the amount stipulated. The judgment is affirmed.

*Affirmed.*