MARCUS C. STEARNS

*v.*

PATRICK REIDY.

*Filed at Ottawa October 31, 1890.*

135 119
45a 323

135 119
66a 115

135 119
67a 387

135 119
74a 77

135 119
102a 307

1. ALLEGATIONS AND PROOFS—*variance.* In a suit for the recovery of damages for a personal injury resulting from the alleged negligence of the defendant, it was held, that when the transaction out of which the controversy arises is the same, and the substantial cause of damages is the same, a variance will be regarded as immaterial.

2. SAME—*as to character of negligence alleged and proven.* In such case, the proof must support the allegation of negligence, as charged in the declaration. It will not avail the plaintiff to charge in the declaration a particular negligence, and prove another and different negligence.

3. In this case the action was by a servant against his employer, for a personal injury. The declaration charged that defendant's foreman, engaged in blasting rock, ordered and directed the plaintiff to clean out a hole which had been drilled in a rock, in which was concealed an explosive substance, which exploded and injured the plaintiff while he was at work in executing the order of his foreman. The proof showed that while the injury was not received in carrying out a specific direction to clean out a hole already drilled, it was received while the servant was engaged in the performance of a specific command to drill in a certain place where a hole had been drilled and filled up: *Held,* that there was no substantial variance.

4. It appeared that the hole had been drilled in a rotten rock in a quarry, and an explosive put therein, which had failed to go off. The hole was afterward filled with gravel and pieces of stone, and tamped, so that the existence of a drilled hole was not apparent. The foreman of the quarry, having knowledge of the facts, directed a servant to drill at a designated spot, which was where the hole had formerly been drilled: *Held,* no substantial variance, in such case, to aver that the servant was directed to drill down and clean out a hole that had already been drilled, because such was the intent and substance of the order given.

5. EVIDENCE — *relevancy — dividing recovery with attorneys.* In an action on the case by a servant against his master, to recover damages for a personal injury received from negligence while engaged at work, the defendant offered to prove that the plaintiff had agreed with his attorney to give him a share of the judgment recovered, as compensation for his services, which the court refused to admit: *Held,* that the evidence was properly refused, as not bearing on the issue being tried.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. A. B. JENKS, and Messrs. GREGORY, BOOTH & HARLAN, for the appellant :

Plaintiff can not recover under a declaration which is contradicted by the evidence. *Railroad Co.* v. *Middlesworth,* 43 Ill. 64; *Ayers* v. *Chicago,* 111 id. 406; *Railroad Co.* v. *Bell,* 112 id. 360; *Railroad Co.* v. *Coble,* 113 id. 115.

As illustrating the doctrine of variance, see *Railroad Co.* v. *McKee,* 43 Ill. 119; *Railway Co.* v. *Foss,* 88 id. 551; *Bloomington* v. *Goodrich,* id. 558; *Pennsylvania Co.* v. *Conlan,* 101

id. 93; *Lund* v. *Tyngboro,* 11 Cush. 563; *Shaw* v. *Railroad Co.* 8 Gray, 45; *Hanlon* v. *Railroad Co.* 129 Mass. 310; *Shepard* v. *Railroad Co.* 45 Conn. 54; *Buffington* v. *Railroad Co.* 64 Mo. 246; *Batterson* v. *Railway Co.* 49 Mich. 184; *Harding* v. *Railway Co.* 56 id. 628; *Railroad Co.* v. *Johnson,* 79 Ala. 436.

Where the special findings of the jury are inconsistent with each other, they can not support a judgment. *Haas* v. *Railway Co.* 41 Wis. 44; *Burns* v. *Rolling Mill Co.* 60 id. 541; *Railway Co.* v. *Fray,* 31 Kan. 739; *Railroad Co.* v. *Brown,* 33 id. 757; *Porter* v. *Railroad Co.* 97 N. C. 66.

Messrs. Dow & BURNHAM, for the appellee:

The gist of the action is appellant's negligence, and the plaintiff's knowledge or lack of knowledge in respect to the hole in the rock was no part of the tort complained of, and hence need not be averred. *Pennsylvania Co.* v. *Conlan,* 101 Ill. 93.

As to variance, see *Shaw* v. *Railroad Co.* 8 Gray, 45; *Cogshall* v. *Beesley,* 76 Ill. 445; *McCollom* v. *Railroad Co.* 94 id. 534; *Tomlinson* v. *Earnshaw,* 112 id. 311; *Order of Mutual Aid* v. *Paine,* 122 id. 625; *Pearson* v. *Zehr,* 125 id. 573.

If the facts so specifically found, when construed together, are manifestly inconsistent with each other, contradictory and uncertain in their meaning, and insufficient to support any judgment in favor of the moving party, the facts so found will not control the general verdict, but the latter must stand, and judgment must be rendered thereon, without regard to the facts found specifically. *Railroad Co.* v. *McAnnally,* 98 Ind. 412; *Redelsheimer* v. *Miller,* 107 id. 485; *Rice* v. *Evansville,* 108 id. 7; *Rice* v. *Manford,* 110 id. 596; *Greenfield* v. *State,* 113 id. 597.

The court will indulge all reasonable presumptions in favor of the general verdict. Nothing will be presumed in support of the special findings of fact. *Cook* v. *Howe,* 77 Ind. 422; *Laniter* v. *Jackman,* 88 id. 118; *Railroad Co.* v. *Rowan,* 104 id. 88; *Railroad Co.* v. *Clifford,* 113 id. 460.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was case for personal injuries, by appellee, against appellant, wherein the former recovered judgment in the Superior Court of Cook county for damages, which judgment has been affirmed in the Appellate Court.

Appellee was in the employment of appellant, in his limestone quarry, and on the 27th day of October, 1881, while drilling in a hole which had theretofore been drilled in a stone for the purpose of blasting, exploded a charge of dynamite which had been placed therein, and thereby lost the sight of both his eyes, and was otherwise injured. The charge of dynamite in the hole originally drilled had failed to explode, whereby the hole became what is known as a "missed hole." The verdict and judgment in the trial court, and the judgment of affirmance in the Appellate Court, conclusively establish the truth of the facts claimed by appellee that the stone was a rotten stone; that the dynamite had been covered with broken limestone and fine stuff out of the quarry, and the hole filled up and tamped with that material, and that in afterwards drilling in such hole it was difficult or impossible to tell the difference between the hole so filled and tamped, and the rotten stone by which it was surrounded.

The principal contention of appellant is, that there was a material variance between the declaration and the proofs, and that the Superior Court, by its rulings upon the various objections and motions made by him pending the trial, and upon the instructions, deprived him of the benefit of such variance, and that such rulings constitute manifest and reversible error. There is no doubt either of the existence or of the propriety of the rule which requires that the facts alleged in the declaration must agree with the facts disclosed by the evidence. The proofs must support the allegation of negligence charged in the declaration, and it will not avail a plaintiff to charge in the declaration a particular negligence, and prove another and

different negligence. But the objection of variance between the declaration and proof is a mere technical objection, and is not favored by the courts; and when the transaction out of which the controversy arises is the same, and the substantial cause of damages is the same, the variance is regarded as immaterial, and is overlooked. *Shaw* v. *B. & W. Railroad Co.* 8 Gray, 45.

The declaration upon which the case was tried contained four counts. The substance of the first count was, that the defendant, through his duly authorized foreman, ordered the plaintiff to clean out a hole which had before that time been drilled in a rock of the quarry; that said hole was full of some substance the nature of which was unknown to plaintiff; that there was concealed in said hole a violently explosive substance, which was known to said foreman, but that plaintiff had no knowledge or means of knowledge thereof, and that the plaintiff, in executing said order with due care on his part, caused said substance to explode, whereby, etc. The second and third counts were like the first, except in certain respects which are here immaterial. The fourth count charged that plaintiff was commanded and directed by the foreman to drill down and clean out a certain hole which had before that time been drilled in the rock of said quarry, and which then and there appeared to be filled up with dirt and gravel, and nothing else, so far as was apparent, but said hole had, in fact, concealed therein, beneath said dirt and gravel, a large quantity of some violently explosive substance, as said defendant and said foreman then and there well knew, but said plaintiff had no knowledge nor any means of knowing of the existence of said substance in said hole, etc.; and further charged that the plaintiff, not being informed of the danger incident to cleaning out said hole, and not supposing or having any reason to suppose there was any danger, in obedience to said command and direction of said foreman, began, with due care and caution, to clean out said hole, and in so carefully cleaning out the

same, caused said concealed explosive substance to explode, by means whereof, etc.

At the trial, the jury were required, at the instance of appellant, to return, along with their general verdict, their special findings upon fifteen questions submitted to them. The first of these questions was as follows: "Did the injury which plaintiff suffered, as shown in evidence, occur through the negligence of any of the defendant's employes, and, if so, which of them, and in what did such negligence consist?" The answer of the jury thereto was: "Yes; through the negligence of Henry Albright, the defendant's foreman. The negligence consisted in not being explicit enough in his instructions to Reidy. He should have called special attention to the fact that there was a 'missed hole' in the rock." The second question was: "What order or direction did Henry Albright, defendant's foreman, give to plaintiff just prior to the accident?" The answer thereto was: "He said, 'Paddy,' and pointed to a stone, and made motions indicating drilling." The third question was: "Did Albright tell Reidy to clean out, or to drill and clean out, a hole already made, or did he tell him simply to drill a hole in the rock?" The answer thereto was: "He made motions indicating drilling, but did not indicate whether there was a hole or not." It is true that the answers of the jury to the tenth and fifteenth questions were to the effect that plaintiff understood Albright to tell him to drill a hole, and that he supposed he was drilling in a rock by direction of said foreman; and that the answers to the ninth, thirteenth and fourteenth questions are to the effect that Albright did not tell plaintiff to clean out a hole; that plaintiff was not injured while cleaning out or removing some substance from a hole drilled in a rock, which he had, by defendant's foreman or agent, been directed to clean out, or drill down and clean out.

The answers to the tenth, fifteenth, ninth, thirteenth and fourteenth questions are easily reconcilable with the answers

to questions one, two and three, and with the general verdict. It is an uncontroverted fact in the case, and established by the witnesses introduced by both parties, that the particular place or point where the contemplated work was to be done was specifically pointed out and indicated by the foreman. There had been a hole there, but it had been filled and tamped with broken material out of the quarry, and could not be distinguished from the surrounding surface of the rotten stone. Appellee might well understand, from the motions made by the foreman, that he was to drill a hole there, and might suppose, while at work, that he was drilling in the rotten rock, but, as *matter of fact*, he would be carrying out the directions given, and at the same time would be cleaning out a hole already made. It is a matter of common observation and knowledge that a hole in a rock which has been filled and tamped with broken stone may be effectually cleaned out with a drill. So, also, Albright did not explicitly tell plaintiff to clean out a hole, and this is as far as, by fair intendment, the finding of the jury in that behalf goes; but he pointed out the specific place where the work was to be done, and indicated the instrument with which, and the manner in which, the proposed work was to be accomplished, and the necessary result of following out his directions was to clean out the hole which had prior to that been made there, and therefore the substance of the direction given was, that he should clean out the hole, although he did not in words tell him to do so.

In respect to the answers to questions thirteen and fourteen it may be said, that it was at the trial an uncontroverted and conceded fact that appellee was injured while he was *in fact* cleaning out and removing some substance from a hole which had been drilled in the rock, and the findings are simply to the effect the directions given to him were not, in explicit terms, that he should clean out a hole, and did not indicate and convey to him the information that in accomplishing that which was directed he would necessarily clean out, or drill down and

clean out, a hole once drilled there, but afterwards filled and tamped.    In other words, these findings are strictly on a line with the answer made to the third question, *i. e.*, "He made motions indicating drilling, but did not indicate whether there was a hole or not," and with the other answers returned by them.    So while the injury was not received in carrying out a formal or specific direction to clean out, or drill down and clean out, a hole already drilled, yet it was received in the performance of a specific command to drill down in a particularly designated place, when the inevitable result of so doing was to clean out the hole which had before that time been drilled in the rock of the quarry.

Although some of the answers to special questions have the semblance of being in conflict with the averments of the declaration, yet when such answers are read in the light of the evidence, and of the other special findings made by the jury, and of the general verdict, it is manifest there is no real conflict, but that the various special findings of fact, when taken and considered together, qualify and explain each other, and are in substantial conformity with the case made by the allegations contained in the pleadings.  The special findings indicate clearly the theory of fact upon which the verdict was based, and that theory is in substantial conformity with the case stated in the declaration.   Had the declaration charged that the foreman directed plaintiff to drill at a certain point in a rock in which there was a hole, the existence of which he failed to communicate to the plaintiff, it would have been better pleading than that found in this declaration.   But it does not follow that there can be no recovery upon the facts under this declaration.    Appellee was commanded to drill at a designated point, and the inevitable result of drilling there was to drill down and clean out a hole that had already been drilled in the rock; and it was no substantial variance, in such state of the case, to aver that appellee was directed to drill down and clean out a hole that had already been drilled

in the rock, for that was the intent and substance of the order given. We find no reversible error in respect to the rulings of the trial court upon this matter of a variance.

That which we have said also disposes of the claim made that the court erred in denying the motion of appellant to set aside the general verdict, and enter a judgment upon the special findings in his favor.

There was no error in the second instruction given for appellee. The claim that it was not based on the testimony is sufficiently covered by what has already been said. The other objections urged to it are technical, and without merit.

It is assigned as error that the trial court permitted undue latitude to the counsel of appellee in arguing the case to the jury. We find no error in that respect. It is unnecessary here to repeat what was said by this court in *Chicago and Alton Railroad Co.* v. *Dillon*, 123 Ill. 578.

Complaint is made because the trial court refused to permit appellant to show that appellee had agreed with his attorney to give him some share of the judgment recovered, as compensation for his services. It is difficult to see what light the proffered testimony would have cast upon the issues which the jury were sworn to try. It would seem that the only probable effect of such evidence would have been to unduly prejudice the minds of the jury in respect to the legal rights of appellee. In regard to the ethics of an arrangement of the kind suggested by counsel, suffice it to say that they were not involved in the issue submitted to the jury.

We find no error in the record which would justify the reversal of the judgment, and it is affirmed.

*Judgment affirmed.*