139 405
66a 115
139 405
70a 355
139 405
171 529
139 405
84a 576

## F. P. FOLTZ

*v.*

## MILTON B. HARDIN.

*Filed at Ottawa October 31, 1891.*

1. PLEDGE—*by one debtor to secure joint debt—agreement as to proceeds.* A and B being jointly liable upon their note of $4200 to C, A gave C a note he held, of $2500, as collateral security for the joint debt, B having nothing to do with the pledge. C foreclosed the mortgage securing the collateral note, and his attorneys bid off the premises for $2419, which C repudiated, as the property was not worth that sum. By agreement, however, with A, C was to hold the property as a security until the time of redemption expired, and then sell the property on the best terms he could, and be charged only for the proceeds of such sale. Being unable to sell the property, A and C agreed that the latter should retain the property for $1256, as the sum realized from the collateral: *Held,* that as A put up the collateral, he had the right to agree with C that he might take it at a reduced amount, and that B, not occupying the position of a surety, could not complain when sued on the note.

2. SAME—*rights of pledgee.* As a general rule, the pledgee of negotiable securities as collateral security for a debt has no right, in the absence of a special agreement, to accept less than the amount due on the collateral in payment thereof, and if he does so, he will be liable to the pledgor for the amount of the loss.

3. PRACTICE—*specific objection—as, for variance.* An objection to the admission in evidence of a note on the ground of variance must be specifically made on the trial, so as to afford an opportunity to obviate the variance by amendment, otherwise the question can not be raised in this court.

4. On the trial of an action upon a promissory note the defendant objected to the introduction of the note in evidence on the ground of a misjoinder of the parties, and because the summons was improper: *Held,* that such objection did not raise the question of a variance between the note and the declarations.

5. SAME—*pleading over after demurrer overruled.* If, after a demurrer is overruled, the party interposing the same pleads to the merits, he will waive the objection raised by the demurrer, and can not assign the ruling of the court for error.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. F. S. Murphy, and Mr. William Davis, for the plaintiff in error:

The demurrer should have been sustained, and such error may be reviewed in this court, notwithstanding plaintiff in error pleaded over, as he was ruled to do. If the demurrer, had been withdrawn and a plea filed, the rule would be that the demurrer was waived.

No action could have been maintained on the note in the name of Hardin, one of the payees, as administrator, assigned to himself.

No exception is necessary to the ruling of the court on demurrer. *Hawk* v. *McCullough,* 21 Ill. 220 ; *Hamlin* v. *Reynolds,* 22 id. 207.

The holder of negotiable paper as collaterals is not permitted to take less than the sum due thereon. If he does, he will be liable for the loss to the pledgor. *Iron Co.* v. *Brick Co.* 82 Ill. 548 ; Colebrooke on Collaterals, p. 127, sec. 96 ; *Union Trust Co.* v. *Rigdon,* 93 Ill. 458 ; *Cadwell* v. *Brown,* 36 id. 103.

Messrs. Williams, Lawrence & Bancroft, for the defendant in error:

After demurrer to the declaration was overruled, appellant, filed the general issue. *McFadden* v. *Fortier,* 20 Ill. 515.

An objection for a variance comes too late on appeal or error. *Railroad Co.* v. *Estes,* 96 Ill. 470.

It was competent for plaintiff, as indorsee, to bring suit upon the assigned note, although originally given by the firm to himself and one of the partners. Daniel on Neg. Inst. sec. 354; Randolph on Com. Paper, sec. 404; *Kipp* v. *McChesney,* 66 Ill. 460 ; *Thayer* v. *Buffam,* 11 Metc. 308.

The joint indorsers of negotiable paper, who are liable as co-promisors, have no legal right of subrogation against each other. 2 United States Digest, sec. 376 ; *Bank* v. *Armstrong,* 40 Pa. St. 278; *Holiman* v. *Rogers,* 6 Tex. 91.

Givens and plaintiff in error were alike principal debtors upon the note sued on, and hence the authorities cited, relating to the management of collaterals, have no application.

Per CURIAM: This was an action of assumpsit, brought by Milton B. Hardin, against F. P. Foltz and others, to recover a balance claimed to be due on a promissory note, which was as follows:

"$4200.00.                     ABINGDON, ILL., *March 17, 1886.*

"Nine months after date, we, or either of us, promise to pay to M. B. Hardin and S. Givens, administrators of the estate of Jacob Young, forty-two hundred and no-100 dollars, value received, with 7% interest after date.

   (Signed)   UNION BANK OF ABINGDON,
         per Strawther Givens, *Prest.*,
         S. McFARLAND,
         J. H. & W. O. CADWALLADER,
         F. P. FOLTZ."

The note was endorsed by the payees to the plaintiff. Service was had only upon two of the defendants,—F. P. Foltz and Davidson Harris. The latter failed to plead, and a default was taken as to him. Foltz demurred to the declaration. The court overruled the demurrer, and he then pleaded the general issue.

The decision of the court in overruling the demurrer is the first error relied upon to reverse the judgment. Conceding that the declaration was insufficient, the plaintiff in error waived the objection raised by the demurrer by pleading over. It is a well settled rule that pleading over after a demurrer has been overruled is a waiver of the error. *McFadden* v. *Fortier,* 20 Ill. 509.

It is next contended that the court erred in permitting the note to be read in evidence, for the reason that there was a variance between the note and the declaration. Had counsel for plaintiff in error objected to the introduction of the note

in evidence on the ground of a variance, no doubt the note would have been excluded or the plaintiff required to amend his declaration. But no such objection was made. The record shows that when the note was offered in evidence, counsel for the defendant objected upon the following grounds: First, the misjoinder of the parties; and second, the summons is improper in this suit. Where there is a variance between the declaration and the instrument sued on, unless objection is made when the instrument is offered in evidence on the ground of variance, the objection will be regarded as waived. The objection interposed on the trial did not raise the question now attempted to be made. There may have been a misjoinder of the parties, and the summons may have been improper; but these irregularities or defects, if they existed, did not call the attention of the trial court to the fact that there was a variance between the instrument sued on and the declaration.

It is also insisted, at some length, in the argument, that the evidence was not sufficient to sustain the judgment. That argument was very properly addressed to the Appellate Court, as that court reviews questions of fact as well as questions of law; but under the statute we are prohibited from reviewing controverted questions of fact. Upon these questions the judgment of the Appellate Court is conclusive.

The next question presented which it is proper for us to consider, is the decision of the court in giving the following instruction for the plaintiff:

"If you shall believe, from the evidence, that the defendants, F. P. Foltz, Davidson Harris, Strawther Givens, Samuel McFarland, J. H. Cadwallader and W. O. Cadwallader were jointly indebted to plaintiff as principals upon the note sued on, and if you shall in like manner find, from the evidence, that after the making and delivery of the note, and before this suit was brought, any one of the principals of the note sued on turned out, as collateral security for the payment of said note, any note or other property belonging to himself person-

ally, without the payment of any valuable consideration therefor by his co-obligors, then and in that case the other joint makers of the note sued on acquired no interest or right to control such collateral security, or any part thereof, but the party having so put up and owning such collateral might lawfully, at any time, with consent of the payee or legal holder of the principal note, withdraw the collateral entirely, without in any manner impairing or affecting the right of the legal holder of the principal note to collect the entire amount, if any, remaining unpaid on the original note."

It appears from the record that the persons named in the instruction as defendants, were engaged in the banking business in Abingdon, under the firm name and style of "Union Bank of Abingdon." Hardin and Givens, administrators of the estate of Jacob Young, had deposited in the bank $4200, which the bank was unable to pay, and the note in suit was given for the money. After the execution of the note, Hardin borrowed of one Cox $4200, in order to settle up the estate, and to secure the payment of the money he gave a mortgage on his own farm. He also turned over to Cox the note in suit, as collateral security. Givens transferred to Cox, as collateral security, a note he held on the defendant Foltz, dated December 11, 1884, for $2500, secured on real estate in Abingdon. The Cadwalladers also turned over to Cox some collaterals, but they are not involved here. The Foltz note not having been paid at maturity, Cox foreclosed the mortgage, and obtained a decree of sale. The property was sold and struck off for the amount of the debt and costs, to Cox. He, however, notified the master in chancery and Givens that he would not take the property for the amount bid. Cox, Givens and Hardin then met, and it was finally agreed that Cox should hold the mortgaged property, which had been struck off to him, as collateral, as he did before the sale, and if the premises were not redeemed, and he acquired the title, he should then sell for the best price he could get, and give Hardin credit on his

indebtedness for such sum. The premises were not redeemed, and Cox obtained a deed. He not being able to make sale, finally agreed with Givens to credit Hardin with $1256 and keep the property. The remainder of the debt due from Hardin to Cox having been paid, he returned the note in suit to Hardin. On the trial it was claimed by Foltz that Cox was bound to give credit for the full amount for which he bid off the mortgaged premises, or at least the full value of the premises. On the other hand, it was claimed by the plaintiff that as Foltz did not turn out the collateral, and had no interest whatever in it, and as he occupied the position on the note of a joint possessor with Givens, he had no right to complain in regard to the disposition made of the collateral between Cox and Givens.

As a general rule, the pledgee of negotiable securities as collateral security for a debt has no right, in the absence of a special agreement, to accept less than the amount due on the collateral on payment thereof, and should he do so he would be liable to the pledgor for the amount of the loss. Colebrooke on Collateral Securities, (sec. 96, p. 127,) states the rule as follows: "The pledgee of negotiable securities as collateral security is not permitted, in the absence of special agreement, in his dealings with the securities, to accept anything less in discharge or satisfaction of them from the parties bound than the face value of such paper. Any trade or compromise or rebate made by the pledgee with the maker or other parties to such collateral, whereby the same is surrendered for less than the face value thereof, is a breach of duty of the pledgee, and is not sustained. Any arrangement whereby the securities are transferred for less than is due thereon to a party * * * is a compromise." But a compromise is sustained where it is made upon agreement of all the parties. In *Union Trust Co.* v. *Rigdon,* 93 Ill. 458, where the question was under consideration, it was held, "that a person holding commercial paper

as collateral security for a debt due, has no right, unless in a very extreme case, to compromise with the parties to the security for a less sum than is due on the security, and if he does, he will be compelled to account to the pledgor for the face value."

These and other authorities of a kindred character have been cited to sustain the position of plaintiff in error; but a moment's reflection will suffice to show that the law cited and relied upon can not apply to the facts of this case. Here, Foltz and Givens occupied the position of joint promisors. The collateral was put up by Givens. Foltz had nothing to do with it. Of course, whatever amount was realized on the collateral by Cox would go to reduce Foltz's obligation in the note held by Cox; but in the event that Givens paid more than his share of the debt, Foltz would be liable to him, so that he had nothing to gain or lose on account of the collateral being put up by Givens, unless Givens was insolvent, which does not appear from the record. As Givens put up the collateral we think he had the right to agree with Cox that Cox might take it at a specified amount. Had Foltz occupied the position as surety for Givens on the note held by Cox, a different question might arise; but he was not surety, but a joint obligor. While the terms of the instruction were not perhaps fully authorized by the evidence, and in that respect it may be regarded as faulty, yet the principle it contained in the main being correct, the jury was not misled by it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*