## City of Elgin v. George N. Day.

1.  VARIANCE—*Must be Raised in the Court Below.*—The question of a variance can not be raised for the first time in this court.

**Trespass on the Case.**—Damages by changing the grade of a street. Appeal from the City Court of Elgin; the Hon. R. P. GOODWIN, Judge presiding.  Heard in this court at the December term, 1895.  Affirmed. Opinion filed June 1, 1896.

C. F. IRWIN, attorney for appellant.

FRANK E. SHOPEN, attorney for appellee; JOSLYN & SCHULTZ, of counsel.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee in case against appellant to

recover damages to his premises, which was a dwelling house on lot 8, of Enos and Joslyn's subdivision of said city of Elgin, fronting on Fremont street, by means of the city, after having fixed the grade, and given the same to appellee in view of his erecting his dwelling house thereon, and after he had erected it in conformity with such grade changing and lowering the grade of the street so as to leave appellee's premises " on a hill," thereby cutting off his ingress and egress to and from Fremont street, thereby greatly injuring and damaging the same.

The cause was tried by a jury, and resulted in a verdict for appellee for $100, for which judgment was rendered against appellant. The appellant claims that there was a variance between the proof and the declaration. This point is not well taken. Even if there was any variance between the declaration and proof, which we do not think there was, appellant could not avail of such supposed error in this court, for the reason that the objection was not raised in the court below.

Such objections can not be raised for the first time in this court. Ottawa, Oswego & Fox River R. R. Co. v. Mc-Wrath, 91 Ill. 104; St. Clair Co. Benevolent Society v. Fietsam, 97 Ill. 474; Harris v. Shebek, 151 Ill. 287; C. & A. R. R. Co. v. Byrum, 153 Ill. 131; Stearns v. Reidy, 135 Ill. 119; Foltz v. Hardin, 139 Ill. 405; Ransom v. McCurley, 140 Ill. 248. The appellee had cause of action without reference to appellee's allegation in the declaration that he built his house with reference to a grade fixed by the city prior to his building it, and without reference to the grade. City of Pekin v. Winkel et al., 77 Ill. 56; Stone v. Fairbury, Pontiac & N. W. R. R., 68 Ill. 394; City of Pekin v. Brereton, 67 Ill. 477.

There is no error in the giving of appellee's instructions, nor in refusing appellant's.

The judgment of the court below is therefore affirmed.