## West Chicago Street R. R. Co. v. Frederick Wizemann.

1.  CONFLICTING EVIDENCE— *Instructions.*—Where there is a conflict in the evidence the instructions should be accurate.

2.  INSTRUCTIONS—*Erroneous.*—An instruction which imposes a much greater duty than that required by law is erroneous.

3. SAME—*Erroneous, When Not Cured by Others.*—An erroneous instruction, when it bears on a vital question, can not be cured by any other instruction given, because the jury may have acted on it regardless of other instructions.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 22, 1899.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

GEMMILL, BARNHART & FOELL, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee was driving a team of horses hitched to an empty coal wagon west on the car track of appellant in North avenue, in the city of Chicago, when a street car of appellant, operated by electricity and following the wagon, collided with it and injured appellee, and appellee brought suit, alleging negligence of appellant in operating its cars, and recovered judgment for $4,000. There was a serious conflict in the evidence in relation to certain matters bearing materially on the questions of the care exercised by appellee and appellant's negligence. Such being the case, the instructions should have been accurate. Railroad Co. v. Cline, 135 Ill. 43, 48; C. C. Ry. Co. v. Canevin, 72 Ill. App. 82.

Numerous other cases are to the same effect.

The court gave to the jury, at appellee's request, this instruction:

" The jury are instructed as a matter of law that a street car company, operating cars upon its track, laid in the public streets of the city of Chicago, does not have the exclusive right of travel upon such tracks or upon that portion of the street covered by the tracks, but that vehicles of all kinds are entitled to general use of the highways and have a right to travel across or along and upon such car tracks; all being required to exercise ordinary care to avoid injury to themselves and to others; and if the jury believe from the evi-

dence in this case that at the time of the injury complained of the plaintiff was driving a team, hitched to a wagon, along the public highway, known as North avenue, in the city of Chicago, and in the track owned and used by the defendant company, *then you are instructed that it was the duty of the defendant company to exercise such care in managing its said cars being so operated as would prevent accident or injury to the plaintiff, if you find from the evidence that the plaintiff was without negligence on his part."*

The part of the instruction italicized imposed on appellant a much greater duty than that required by law. Appellee was not a passenger on appellant's car, but a traveler on its track, on the public highway, and his relation to appellant was that of a stranger. Therefore, the only duty which appellant owed him was to exercise ordinary care. But the instruction informed the jury that it was appellant's duty to exercise such care in managing its cars as would prevent accident or injury to appellee, provided appellee himself was free from negligence. Following this instruction the jury, if they believed that appellee exercised ordinary care, must have found for appellee, because there was a collision and also consequent injury to appellee. Under the instruction, if appellee was exercising ordinary care, and a collision and consequent injury occurred, the jury might have found the appellant guilty, notwithstanding it may have exercised the highest degree of care consistent with the practical operation of the road.

The instruction, bearing as it did on a vital question, namely, the care which it was incumbent on the appellant to exercise, could not be cured by any other instruction given, because the jury may have acted on it, regardless of other instructions. The judgment will be reversed and the cause remanded.