446     APPELLATE COURTS OF ILLINOIS.

VOL. 132.]     Elgin, Aurora & Southern Trac. Co. v. Wilcox.

## Elgin, Aurora & Southern Traction Company v. Lyman B. Wilcox.

### Gen. No. 4,729.

1. ORDINARY CARE—*when carrier only required to exercise.* A carrier is only required to exercise ordinary care with respect to persons upon or passing over its tracks.

2. NEGLIGENCE—*when instruction as to, erroneous.* An instruction is erroneous which directs a verdict for the plaintiff in an action on the case if the jury find certain facts, without leaving the question to such jury as to whether such facts constitute negligence.

3. INSTRUCTIONS—*must not be argumentative.* Instructions argumentative in form should be refused.

4. VARIANCE—*rule with respect to correspondence between allegations and proofs defined.* The rule that the proof must correspond with the allegations applies only to such allegations as are in themselves material to the action, or to those immaterial allegations which are so interwoven with those that are material as to make the latter depend upon them and thus expose both to a traverse.

5. EXPERT WITNESS—*how inquiry with respect to cause of injury should be put to.* Where the cause of an injury is sought to be proven by an expert witness the question properly should describe a hypothetical case corresponding to the facts claimed to exist and the witness may tell in the abstract what might have caused the condition.

Action in case for personal injuries. Appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

HOPKINS, PEFFERS & HOPKINS, for appellant.

C. H. WAYNE and D. B. SHERWOOD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee was driving a team of horses hitched to an enclosed milk wagon on Grove avenue, having just driven off Prairie street, in the city of Elgin, when an electric street car of appellant collided with the wagon and damaged the horses and injured appellee. Appel-

lee brought suit, alleging negligence of appellant in operating its cars, and recovered judgment for $700. There was a conflict in the testimony as to whether the team was driven diagonally across the track, also as to the rate the car was going, and where the car was when the team was first driven upon the avenue.  These facts were very material in passing upon the questions of the degree of care exercised by appellee and whether appellant was negligent or not.  In such case it was important that the instructions should be accurate.  The court gave to the jury, at the appellee's request, this instruction:

"The court instructs the jury that if you believe from the evidence that the plaintiff's wagon was run into while crossing defendant's tracks at Grove avenue and Prairie street, while the plaintiff was endeavoring to cross the defendant's tracks, by a car under the management and control of an agent or servant of the defendant, and that the plaintiff was, at and before the collision, in the exercise of reasonable care for his own safety, *and that the person in control of said car could, by the exercise of all the means at his command, have avoided the collision, then, by the law, the defendant was guilty of negligence in not avoiding such collision,* and the plaintiff is entitled to recover in this action whatever damages the evidence may show he has sustained."

This instruction imposes upon the appellant a greater degree of care than the law requires.  Appellee was not a passenger on appellant's car, but a traveller using the street in common with appellant. The only requirement of the law in such case is that the parties exercise ordinary or reasonable care to avoid injuring each other.  The part of the instruction which we italicized required of the appellant an extraordinary and unusual degree of care.  If the appellant's employes had seen the car, concerning which the instruction is silent, still, ordinary care to avoid the accident is all the law requires.  Kankakee E. R. Co. v. Lade, 56 Ill. App. 454; West Chicago St.

448　Appellate Courts of Illinois.

Vol. 132.]　Elgin, Aurora & Southern Trac. Co. v. Wilcox.

Ry. v. Wizemann, 83 Ill. App. 402. This instruction also directs a verdict on certain facts without leaving the question to the jury to determine whether such facts constituted negligence.

The fourth instruction was also erroneous in requiring more than reasonable care at street intersections. Such facts as might constitute reasonable care at other places might not be reasonable care at street intersections, but the degree of care required by law is the same in all places. All parties using the public streets in common are required at all times and places to use ordinary care to avoid injuring others. The fourth instruction was also argumentative. If the jury followed these instructions and believed appellee was in the exercise of ordinary care, and a collision occurred, it must have found appellant guilty, notwithstanding it may have exercised a much higher degree of care than the law requires.

Appellant also complains of the refusal of certain instructions requested by it. The declaration is very loosely and inartistically drawn. It pleads evidence and contains much surplusage. It pleads that just before the accident "suddenly he heard one of the defendant's cars approaching;" that "plaintiff looked both up and down the street;" "that plaintiff was thrown with great violence over certain boxes." The proof shows plaintiff first saw the car in place of hearing it. The defendant singled out each of these averments, and, by an instruction concerning each averment, requested the court to instruct that they were material, and that unless the averment was proved as alleged by a preponderance of the evidence the jury must find for the defendant. The rule that the proof must correspond with the allegations, applies only to such allegations as are in themselves material to the action, or to those immaterial allegations which are so interwoven with those that are material as to make the latter depend upon them and thus expose both to a traverse. Whenever the defendant can single out an

allegation, and by a special traverse of that allegation defeat the cause of action, then it is material and the proof must correspond. A variance between the proof and immaterial averments which may be stricken out as surplusage without destroying the legal effect is not fatal. Stearns v. Reidy, 135 Ill. 119; Chicago & West Div. Ry. v. Mills, 105 Ill. 63; Sundmacker v. Block, 39 Ill. App. 553; 22 Ency. Pl. & Pr. 553. There was no error in refusing the instructions because they were based upon immaterial allegations.

An expert witness testified that he found the appellee suffering from neurasthenia. He was then asked what was the cause of the neurasthenia. His reply was "the accident." The answer should have been excluded. An expert witness should testify to abstract principles and allow the jury to make the application to the case being tried, otherwise the witness assumes the right and duty of the jury. The question properly should describe a hypothetical case corresponding to the facts claimed to exist, and the witness may tell in the abstract what might have caused the condition. Ill. Cent. R. R. v. Smith, 208 Ill. 608; Chicago v. Powers, 117 Ill. App. 453.

From what has been said it follows the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice WILLIS, having presided at the trial of this case in the lower court, took no part in its decision here.